W. M. WALTON v. RICHMOND PEARSON, Ex'r.

*Certiorari—Laches.*

1. Whenever a party is deprived of an appeal or induced into neglect to take and perfect it in due time by the conduct or declarations of the adverse party (whether intended by the latter to have that effect or not) the rule is to grant a *certiorari* as a substitute for the appeal.

2. Under this rule, where the plaintiff does not appeal because the defendant's counsel have, unintentionally, led him to believe that they would not appeal, a *certiorari* will lie for the plaintiff and he is not in default in failing to apply therefor until the term next after that to which the defendant has applied for the same writ, where the decision in the defendant's case is announced so late in the term as not to allow the plaintiff the time to take such a step in his behalf during that session of the court.

(*Collins* v. *Nall,* 3 Dev. 224; *Lunceford* v. *McPherson,* 3 Jones, 174; *Sharpe* v. *McElwee,* 8 Jones, 115, cited and approved.)

PETITION for a *Certiorari* heard at June Term, 1880, of THE SUPREME COURT.

*Messrs. J. M. McCorkle, G. V. Strong,* and *Battle & Mordecai* for plaintiff.

*Messrs. D. G. Fowle* and *J. M. Clement,* for defendant.

DILLARD, J. The above entitled action was instituted on the administration bond of N. W. Woodfin deceased, as administrator of Charles McDowell deceased, against the present representatives of the said Woodfin, John Gray Bynum administrator *de bonis non* of Charles McDowell and R. M. Pearson, a surety to said bond, since deceased, and revived against Richmond Pearson his executor, and the breach assigned was the non-payment of a judgment recovered by the plaintiffs, assigned, pending this action, to James Wilson and S. McD. Tate, with an averment of assets come to hand sufficient to pay the same and a *devastavit* thereof by the said Woodfin.

The defence interposed by R. M. Pearson, the surety, was put on these grounds: 1st, that the action could not be maintained for the cause alleged by the plaintiff but only by the administrator *de bonis non* of Charles McDowell ; 2nd, that the judgment, the non-payment of which is assigned as a breach, was a judgment *quando* and in law an estoppel as to the alleged *devastavit*; and 3rd, that the action was barred as to him by the statute of limitations.

On the trial before Judge Schenck, a jury trial being waived, His Honor found the facts and pronounced judgment in favor of defendants on the plea of the statute and against them on the other two defences, and the plaintiffs having taken an appeal but lost the same by reason of not perfecting it according to the code, at the last term of this court on their petition it was adjudged that their laches were excusable under the circumstances, and the case was ordered to be brought up to this court on a writ of *certiorari* as a substitute for appeal, and thus the case is constituted in this court for review as to error of law assigned in regard to the statute of limitations. See same case, 82 N. C., 464. At the present term of this court the record being brought up in answer to the writ of *certiorari* issued at the instance of the assignees of plaintiff, the defendant Rich-

mond Pearson, executor of R. M. Pearson deceased, pursu-
ant to notice presents his petition for a *certiorari* to bring up
the record so as to enable him to have review of his excep-
tions to the rulings of the court below adverse to him, at
the same time that a review is had on the plaintiff's appeal
of the decision for him on the plea of the statute of limita-
tions.

The plaintiff's assignees, Wilson and Tate, have been re-
lieved against a lost appeal because of the reasonable ex-
pectation they had, that under the agreement between the
parties, a statement of a case of appeal might be served at
any time, if not too late to admit of the case coming up to
the next term of the supreme court and their case being
thus brought up, they may have reviewed any alleged error
as to the plea of the statute of limitations, and the present
application on the part of defendant for a *certiorari* to con-
stitute the case in court for a review of the points decided
adversely to him, is commended to the favorable considera-
tion of the court, from the fact that they intended to appeal
if plaintiffs appealed, and specially for the additional reason
that they were informed and relied on the information that
there was no intention to appeal on the part of the plaintiffs.

Whenever a party is deprived of his appeal or induced
into a neglect to take and perfect his appeal within the time
prescribed by the statute by the conduct or declarations of
the adverse party (unintentionally in this case) the rule is
to grant the writ of *certiorari* as a substitute for the appeal.
*Collins* v. *Nall*, 3 Dev., 224; *Lunceford* v. *McPherson*, 3 Jones,
174; *Sharpe* v. *McElwee*, 8 Jones, 115.

Here, the petitioner Richmond Pearson, executor of R.
M. Pearson, showeth that he intended (the decision in the
court below being in his favor) to appeal only in the event
that an appeal was taken on the part of the plaintiffs, and
that being informed by one of the counsel of plaintiffs, ad-
mitted to be continued as such by the assignors of plaintiffs,

that no appeal would be taken by them and relying on that statement he had omitted to take any steps towards perfecting his appeal until served with notice of the application for the writ on the part of the plaintiffs at the last term. And in excuse of the apparent laches in not applying for the writ at the last term of the court, it is urged by petition that having been informed by Wilson and Tate through one of their counsel that they had no intention to appeal, and in reliance on that information having paid out a large sum of money to the legatees of his testator, he might with propriety resist the grant of the writ for them and await the action of the court on their application before taking any proceedings for a *certiorari* on his own behalf. And it is alleged, as was the fact, that the decision of the court to award the writ to Wilson and Tate was so near to the end of the term that petitioner had not an opportunity to make his application after the opinion of the court was filed.

In our opinion all laches of petitioner in not appealing from the judgment of the court below is excused by the reasonable expectation he had that no appeal would be taken by Wilson and Tate, induced unintentionally by one of their counsel, and that the imputed default in not applying for the writ of *certiorari* at the last term of this court is also excused by the fact that petitioner might properly resist the application of his adversaries, and that after the decision of the court was announced he had not the opportunity to take any steps in his own behalf before the end of the term and the writ now applied for must therefore be issued so as to bring up the appeal for review of the questions made and ruled against the petitioner, and it is so ordered.

PER CURIAM.                                     *Certiorari* granted.