*ANDREW SYME, Adm'r, v. N. B. BROUGHTON and others.

*Appeal— Certiorari.*

A *certiorari* will be granted the petitioner where the omission to perfect his appeal was occasioned by the failure of the prevailing party to have the judgment properly prepared and entered of record.

PETITION for a *certiorari* heard at January Term, 1881, of THE SUPREME COURT.

*Smith, C. J., did not sit on the hearing of this case.

*Messrs. Geo. V. Strong* and *Battle & Mordecai,* for plaintiff.
*Messrs. Gilliam & Gatling* and *D. G. Fowle* for defendants.

Ruffin, J. This is a petition for a *certiorari* filed at June term, 1880. The plaintiff says that he was the caveator in an issue of *devisavit vel non* tried at January term, 1880, of Wake superior court, in which there was a verdict against him ; whereupon he moved for a new trial and upon his motion being overruled, gave notice of an appeal and procured the appeal bond to be fixed at twenty-five dollars, that no judgment was drawn or signed by the judge, and none, indeed, rendered in open court ; and waiting for the same to be done, no appeal bond was given and no case on appeal prepared within the ten days next after the expiration of the court; that learning on the 21st of February, 1880, that the counsel for the propounder insisted that his right of appeal had been lost by delay beyond the time prescribed, his counsel prepared his case for appeal and caused it to be served on the opposing counsel on the 25th of the month, who declined to entertain it upon the ground that a final judgment had been rendered at the time when the case was tried and that more than ten days thereafter had elapsed ; that plaintiff's counsel, on looking to the minute docket, on the 27th of the month, found entered thereon as an entry in the cause, the words "verdict and judgment" of which entry they had had no previous notice; that he had after giving notice, moved the court to strike out the entry on the docket, but his motion had been refused.

Taking the statements of the petitioner to be true, and they seem reasonable and are not contradicted, we are unable to see that he has been guilty of any such laches as should deprive him of his appeal. His appeal could not be perfected until the judgment in the cause was rendered ; and the law contemplates that, when rendered, it shall be reduced to writing and signed by the judge. It is true we

have held that the judge's signature is not absolutely essen-tial to its validity as a judgment; still that is the regular course of the court and a party will be excused who, depending upon the established usage of the court, is misled. The judgment roll and not a mere entry upon the clerk's docket is the best evidence of the judgment, and to it we are accustomed to look in order to ascertain, as well, whether there be a judgment, as its terms. Such being the course of the court and the order prescribed by the statute, the party prevailing in the action is himself guilty of laches if he fail to prepare the proper judgment and procure the judge's signature thereto, and if by such failure he should contribute to a mistake of his adversary, he ought not to be allowed to derive any advantage therefrom.

PER CURIAM.                          Motion allowed.