LUCINDA BRIGGS et al. v. JAMES A. JERVIS.

*Appeal—Certiorari—Printing Record.*

1. Where the appellant is prevented from preparing and docketing his appeal within the time prescribed by the Rules of the Supreme Court, in consequence of the conduct of the appellee or his counsel, he is entitled to the writ of *certiorari* to bring up the case.

2. When a motion to dismiss an appeal, because not prosecuted in apt time, is allowed, but subsequently the case is reinstated, a failure to print within the time prescribed will not be deemed a sufficient ground for a dismissal, but further time will be granted.

(*Walton* v. *Pearson,* 83 N. C., 309; *Syme* v. *Broughton,* 84 N. C., 114; *Wiley* v. *Linebery,* 88 N. C., 68, and *Greenville* v. *Steamship Co.,* *ante,* 163).

Petition for the writ of *certiorari*, filed at February Term, 1887, of the Supreme Court.

The action was brought to recover land, was tried upon issues by a jury at August Term, 1886, of the Superior Court of Madison, and judgment rendered for the plaintiffs. The appeal taken by the defendant was not prosecuted to the term of this Court next following, but the transcript, on the 15th day of April, 1887, was filed in this Court, and on motion of counsel of the appellees, on various grounds the appeal was dismissed. The defendant now applies for a writ of *certiorari* to bring up the record as a substitute for an appeal, and in his petition, supported by his own oath and the affidavit of one of his counsel, as an explanation of the delay, states as follows:

That the appeal was taken after the trial and at the same term upon a waiver of notice and undertaking with security at the sum fixed by the Court then entered into, which in open Court the plaintiffs accepted;

That at the same time his counsel notified counsel of plaintiffs that the case on appeal would be served on the latter at Asheville within the time allowed by law, and at the place named; an agreement in writing was entered into by which the time for this was extended to the November Term of Madison Superior Court, with a *proviso* that this was not to effect a continuance or failure to have the appeal at Fall Term of this Court. This agreement has the signatures of A. T. Davidson and J. H. Merrimon, plaintiffs' counsel:

That upon information and belief the said A. T. Davidson, at Asheville, took from defendant's counsel the papers in the cause, for the purpose of insisting on an enlargement of the undertaking to stay execution on the appeal, of which he had given notice;

That at November Term, 1886, the petitioner learned from his counsel and the clerk that the papers could not be found and were not in the office, whereupon he called upon plain-

tiffs' counsel and was answered that they knew nothing of them;

That at Spring Term, 1887, one of his counsel, J. S. McElroy, came into possession of the file, as stated in his accompanying affidavit, the papers having been sent up to that term by said Davidson through another attorney resident in Asheville and unconnected with the cause;

That at said term his counsel made out and served the case on appeal, and no notice of any exceptions thereto being taken, it was filed and a transcript of the record sent to this Court and filed as already stated;

That in consequence of the absence of the papers, petitioner was unable sooner to perfect his appeal, and that, as advised, there are erroneous rulings in matters of law, as set out in the case.

The affidavit of said J. S. McElroy sustains the client's statements, some of the facts being within his personal knowledge, and, among other things, says that, at said November Term he made inquiry of said Davidson to ascertain whether the missing file was in his possession, and was answered by the latter that he did not think he had them, but he would examine on his return to his office in Asheville, and if found, he would send them to affiant during the said November Term, and they were in fact sent and delivered to affiant, during Spring Term following, by the hands of M. E. Carter, who said he had been requested to deliver them to some one of defendant's counsel; and in consequence, affiant could not prepare the case on appeal nor furnish a full and proper transcript.

*Mr. Theo. F. Davidson,* for the plaintiffs.
*Mr J. M. Gudger,* for the defendant.

SMITH, C. J., (after stating the case). There was no denial or explanation of these statements favorable to the appellees, and we must act upon an assumption of their truth.

In our opinion, the delay in bringing up the appeal is fully and satisfactorily accounted for, and no laches can be imputed to the appellant. The papers were not in the office where they belonged, so as to be accessible, but in possession of one of the plaintiffs' counsel, who had lost sight of the fact, and just as soon as they were returned, the defendant's counsel proceeded to make up the case and serve a copy on the other party. What more could be done? What more could be required? It was surely the detention of the papers that caused the delay, and the default was in the appellees' counsel, of which he ought not now to be allowed to take advantage.

The case is clearly within the scope of the rulings in *Walton* v. *Pearson*, 83 N. C., 309 ; *Syme* v. *Broughton*, 84 N. C., 114; *Wiley* v. *Linebery*, 88 N. C., 68, and *Greenville* v. *The Steamship Co.*, at this term, where, in consequence of the loss of the papers, a new trial was granted.

The grounds upon which the motion to dismiss was made at the last term and allowed are all removed upon the facts now shown in evidence, except that the record had not been printed.

1. The appeal has been diligently prosecuted, and docketed as early as it could be done and at the proper term, under the circumstances.

2. The case was served on the appellees, or their counsel.

3. The undertaking is drawn in accordance with the order of the Court, was justified by the surety on August 11th, 1886, and was moreover tendered and accepted in open Court during the term.

The only difficulty that remains is the failure to print. The case was not tried, and the motion to dismiss prevailed, so as to have rendered the printing useless. Indeed, exception was taken to the case to be printed, which prevailed, and intercepted the hearing upon its merits. The rule permits an appeal, dismissed for this reason, to be re-instated dur-

ing the term, on good cause shown for the omission, upon five days' notice, and this will avail in suing out the writ of *certiorari* when good cause for the neglect is shown. Rule 2, §11, par. 7.

The application is allowed, and the clerk will issue the writ, unless counsel accept as an answer to it the record filed.