Battue, J.
 

 We 'concur in the opinion given by his Honor m the Court below, that the action cannot be maintained. If the contract were intended t© be made by the defendant with the justices, in their official capacity, he was one of them, ancl ■could not enter into an engagement with them, by which to subject himself to an action at law. See
 
 Justices
 
 v.
 
 Bonner,
 
 3 Dev. Rep. 290, and other similar cases referred to by defendant’s counsel.
 

 
 *189
 
 The counsel who appeared for the plaintiffs in this Court, feeling the force of this objection, has insisted before us, that the contract made by the defendant, for doing the additional work on the house which: he was building for the use of the county, was in legal effect a contract with the county, the justices on the bench having acted but as the agents of the county; that a suit may be sustained in the name of the county; and he has moved us to be permitted to amend the record by substituting, as plaintiff, the county of Tyrrel, instead of the justices of the county of Tyrrel.
 

 ¥e have no doubt that a county is a corporation,
 
 [Mills
 
 v. Williams, 11 Ire. Rep. 558,) and, like any other corporation, may maintain a suit. There is as little- doubt that the majority of the justices of a county, while sitting in the Court of Pleas and Quarter Sessions, may make a contract for and in behalf of the county, with an architect, to build a house for the use of the county, and that such a contract will, in legal effect, be betw’een the county and the architect. In such a case, there will be no more objection to one of the justices becoming a party to the contract with the county, as a corporation, than there would be for a stockholder in a bank or rail-road company, making a contract with the bank or company. The individual members of the corporation, and the corporation itself, are distinct persons, and there is no incongruity, therefore, in their entering into contracts with each other.
 

 Our conclusion, then, is, that the action in the present case might be sustained in the name of the county, and, if the judgment in the Court below had been in favor of the plaintiffs, we should not have hesitated to allow the amendment, in order to support it. The cases of
 
 Grist
 
 v.
 
 Hodges,
 
 3 Dev. Rep. 198;
 
 Weed
 
 v.
 
 Richardson,
 
 2 Dev. and Bat. Rep. 535, and
 
 State
 
 v.
 
 Muse
 
 4 Dev. and Bat. Rep. 319, would furnish ample authority to us for so doing. But here, the judgment in the Court below was for the defendant, and the effect of the amendment desired, would be to reverse that judgment, which was rightly given, and to enter a judgment here, for a different party plaintiff. Such an amendment was refused by this
 
 *190
 
 Court in
 
 Wilcox
 
 v. Hawkins, 3 Hawks’ Rep. 84. It is possible that tbe defendant relied so strongly upon the objection to the plaintiffs as parties to the suit, that he did not avail himself of a defense which he may have had upon the merits. If he have such a defense, he ought to have an opportunity to make it. To the real plaintiff, our refusal cannot be a matter of much consequence, because we could not have allowed the amendment, except upon the terms of paying all the costs. See cases above referred to.
 

 Per Curiam.
 

 Judgment affirmed.