R. H. PARKER, Admr. v. WILMINGTON & WELDON RAILROAD COMPANY.

*Appeal—Certiorari.*

A writ of *certiorari* will be ordered where it appears that the conversations and correspondence between the parties as to extending the time to perfect an appeal reasonably had the effect of misleading the petitioner, and where there is no material conflict in the statements contained in their affidavits.

PARKER *v.* R. R. Co.

(*Walton* v. *Pearson*, 82 N. C., 464; *Wade* v. *Newbern*, 72 N. C., 498; *Hutchison* v. *Rumfelt*, 83 N. C., 441, cited and approved.)

PETITION for *certiorari* filed by plaintiff on the 8th of January, 1880, and heard at January Term, 1881, of THE SUPREME COURT.

*Messrs. Day & Zollicoffer, T. N. Hill* and *J. B. Batchelor,* for petitioner.
*Mr. Spier Whitaker,* for defendant.

ASHE, J.   This is a petition for a writ of *certiorari* as a substitute for an appeal in this case.   The action was to recover damages on account of the negligent killing of the plaintiff's intestate, by a train of cars run under the management of the defendant company.   The trial resulted adversely to the plaintiff, and judgment against him and the sureties on his prosecution bond was signed by the judge on the 26th day of September, 1879.

The petition states that before the adjournment of the court, one of the counsel for the plaintiff requested one of the counsel for the defendant to give the plaintiff time in which to perfect his appeal, longer than the time fixed by the statute for perfecting appeals to the supreme court, and the said counsel was understood by petitioner's counsel to say that he would give a reasonable time.   It states that petitioner's counsel made preparations to draw up the case on appeal and file the appeal bond on the 4th of October, 1879, but before doing so sent the following telegram to defendant's counsel at Enfield where he resided: "Give until the 15th to appeal.  Reply."  In reply to this, counsel for petitioner before 1 o'clock P. M. of the same day received a telegram signed by the defendant's counsel in these words: "Will see you the next week in Jackson."  It further states that counsel for petitioner met counsel for defendant at Jackson on the 10th day of October, and making known to him

his intention to appeal, reminded him that he had telegraphed him that he would see him about the appeal at Jackson, defendant's counsel replied, " I do see you at Jackson;" and after some further conversation about what Mr. Batchelor had said concerning the appeal, petitioner's counsel said, " You have misled me." To which defendant's counsel replied, " he could not help it."

The facts stated in the petition are either admitted or not denied by defendant's counsel in his affidavit filed in answer thereto, except that he says the application by petitioner's counsel for the extension of time at Jackson was on the 9th instead of the 10th of October, and " that at no time during the progress of the trial of said cause, nor at any time afterwards did he give to said Hill or to any of the other counsel for plaintiff, any cause for believing that he would grant them any indulgence whatever, and that your affiant's entire conduct of said cause had plainly indicated that he would neither give nor ask any favors."

While the general rule adopted by this court in regard to appeals is that the statutory requirements must be complied with, some exceptions have been admitted, as where the record shows a written agreement of counsel waiving the lapse of time, or when the agreement is oral but disputed, and such waiver can be shown by the affidavit of the appellee rejecting that of the appellant. *Walton* v. *Pearson*, 82 N. C., 464; *Wade* v. *Newbern*, 72 N. C., 498. But a further exception has been recognized by this court in the case of *Hutchison* v. *Rumfelt*, 83 N. C., 441, where it was held that if the waiver of the statutory requirements is expressly denied and the petitioner fails to bring himself within one of the above exceptions the writ will be refused, unless relievable on the ground of being misled by an alleged conversation between the counsel of the petitioner and the opposing counsel, within the spirit of section 133 of the Code. In this case the petitioner does not allege that there

was an explicit waiver of the "code time," but that his counsel was misled by the telegram received on the 4th of October from the defendant's counsel. But it may be insisted that when such conversation or correspondence is relied upon, the terms thereof and the reasonableness of the petitioner's counsel being misled thereby, as in the case of special agreements, rest upon the affidavits of the opposing counsel or parties, and if denied, this court cannot hold that the petitioner has been misled, unless it can be seen from the affidavit of the counsel resisting the application, rejecting that of the petitioner or his counsel. This we hold to be the proper rule. But conceding that to be so, there is no material conflict in the affidavits of the petitioner and the opposing counsel. The affidavit of defendant's counsel does not directly deny any allegation in the petition. It is true, he says that he never gave Mr. Hill or any one else any cause for believing that he would give him an extension of time. This denial is argumentative and depends upon the construction of the telegram. It admits of a different interpretation, and while defendant's counsel may think it gave no cause to petitioner's counsel for believing that he would grant the indulgence, the petitioner's counsel it seems put a different construction upon it, and we think he was warranted in so doing. If defendant's counsel did not intend at the time he sent the telegram to extend the time, why not say so at once? It was quite as easy to say, I refuse the indulgence as to say, I will see you next week at Jackson. If it was his purpose, as he says in his affidavit, to grant no favors in the case, why not inform Mr. Hill of his determination? and not excite his expectation by saying he would see him at a future day, when possibly it might be too late to perfect the appeal if the indulgence was refused.

At the interview in Jackson, petitioner's counsel told defendant's counsel that he had misled him, showing that

he had interpreted the telegram favorably to his application. It is not necessary to hold that defendant's counsel intended by the vague telegraphic answer to beguile petitioner's counsel and lull him into inactivity, and we do not wish to be understood as intimating such an opinion, yet if it reasonably had that effect, however well intended, and the petitioner has thereby been deprived of his appeal, he is entitled to the writ.

Viewing the facts of the case as stated by defendant's counsel himself, we are of the opinion that the counsel of the petitioner has been reasonably misled by the counsel of the defendant. The writ of *certiorari* will therefore be issued upon the petitioner's giving a proper bond.

PER CURIAM. Petition granted.