JULIA E. LYMAN et al. v. H. M. RAMSEUR et al.

*Practice—Case on Appeal—Service.*

1. Where there is no case on appeal settled by the Judge, and it does not appear from the record that either the appellant's "case" or the "counter-case" was served in time, or service thereof admitted, this Court will disregard both and affirm the judgment, unless error appears on the face of the record. If both had been served in time the appellee's counter-case would be held as the case on appeal, since the appellant would be deemed to have acquiesced therein by not referring it to the Judge to settle the case.

2. Where, in a decree of confirmation of sale of land, the purchase-money was directed to be paid into the Clerk's office, and it was also provided that, upon the payment of said sum by the purchaser to the commissioner, the latter should execute to the former a good and sufficient deed, it is hypercritical to suggest that the purchaser is ordered to pay the purchase-money twice.

Motion, made at March Term, 1893, of BUNCOMBE Superior Court, before *Graves, J.*, to confirm the sale of the lands described in the pleadings, made by D. C. Waddell, as commissioner, who reported the purchase by W. M. Cocke, Jr., at $3,000.

The sale was confirmed and judgment rendered for $3,000 against Cocke, who, among other exceptions filed to the judgment thereon, objected as follows:

" 3. For that the judgment contains inconsistent and repugnant provisions, to-wit, said Cocke is required by it to pay into the office of the Clerk of the Superior Court by the 15th day of April, 1893, the sum of $3,000, to be applied as by the judgment directed; and it is further adjudged that upon the payment to D. C. Waddell, commissioner, by William M. Cocke, Jr., the sum bid by him at said sale, to-wit, the sum of $3,000, that the said D. C. Waddell, commissioner, shall execute and deliver to the said William M. Cocke, Jr., a good and sufficient deed of conveyance for the land so purchased by him at the said sale, and the said D. C. Waddell, commissioner, is hereby authorized and empowered so to do.

"Said Cocke cannot know how to obey these two inconsistent provisions of said judgment, unless he pays the sum of $6,000, $3,000 into the office of the Clerk and $3,000 to D. C. Waddell, commissioner."

There was no demand for a judgment of $6,000 against said Cocke, and nothing in the report of the commissioner or in the record to warrant such judgment.

The facts with reference to the appeal are stated in the opinion of Associate Justice CLARK.

*Mr. Thomas A. Jones,* for plaintiff.
*Messrs. F. I. Osborne* and *Batchelor & Devereux,* for defendants (appellants).

CLARK, J.: There is no case settled by the Judge. There is before us simply the "case on appeal," prepared by appellant, and the "counter-case" of the appellee. If it appeared that these had been served, or that service had been accepted within the time allowed by statute, the appellee's counter-case would be held the case on appeal, since the appellant acquiesced in the same by not referring it to the Judge to settle the case. *Owens* v. *Phelps,* 92 N. C., 231; *Jones* v. *Call,* 93 N. C., 170. But it does not appear from the record that

either case on appeal was served in time, and hence the Court must disregard both, unless such service in time is admitted. *Cummings* v. *Huffman*, at this term. As this is not admitted the judgment below must be affirmed, unless there is error upon the face of the record proper and the argument here was restricted to that point. Clark's Code (2d Ed.), 580, and cases there cited.

The only error upon the face of the record which is suggested on the argument, or which appears to us by inspection, is that there is a possible ambiguity or inconsistency in directing the $3,000 purchase-money to be paid into the Clerk's office, and also directing that upon the payment of said sum by the purchaser to the commissioner, he shall execute to the purchaser a good and sufficient conveyance. It seems to us that the exception is hypercritical. There is but one $3,000 that is claimed. That was directed to be paid by the date mentioned in the judgment, and thereupon the commissioner was directed to convey the title.

No Error.