ELIAS FORTE et al. *v.* JAMES D. BOONE et al.

*Practice—Case on Appeal—Invalid Service by Constable— Amendment of Summons.*

1. Service by an officer means an officer authorized generally and by virtue of his office to serve process of the Court in which the action is pending.

2. A town constable has no authority, under section 3810, as construed with section 644, to serve any papers for the Superior Court except process; an appellant's case on appeal from the Superior Court is not *process;* hence, service of a case on appeal by a town constable is a nullity.

3. Failure to serve a case on appeal on appellee legally and in due time cannot be cured by the action of the Judge below in thereafter settling the case.

4. Where there is no valid case on appeal and no error appears on the face of the record, the judgment below will be affirmed.

5. Where an action was brought on the official bond of a Clerk of the Superior Court in the name of the parties injured by a breach thereof, it was not error in the Court below to permit an amendment of the summons by the insertion of the words "The State on relation of" after the pleadings were filed.

FORTE v. BOONE.

CIVIL ACTION, tried before *Hoke, J.*, and a jury, at Spring Term, 1893, of NORTHAMPTON Superior Court.

From a judgment for the plaintiffs the defendants appealed. The pertinent facts are stated in the opinion of Associate Justice CLARK.

*Mr. R. B. Peebles*, for plaintiffs.

*Mr. C. G. Peebles*, for defendants (appellants).

CLARK, J.: The appellants' case on appeal, unless service was accepted, could be served only by an officer. *Allen* v. *Strickland*, 100 N. C., 225; *State* v. *Johnson*, 109 N. C., 852; *Clark* v. *Manufacturing Co.*, 110 N. C., 111; *The Code*, §597. Service by an officer means an officer authorized generally and by virtue of his office to serve process of the Court in which the action was determined. The service here was made by a constable and was a nullity. *The Code*, §3810, must be construed with section 644, and by them a town constable is given no authority to serve any papers for the Superior Court, except process, and that only when expressly directed to him by the Court. This does not embrace the case on appeal. This was not process, nor was it directed to him by any Court. The action of the Judge in thereafter settling the case cannot cure the failure to serve appellants' case upon appellee legally and in due time.

There being no valid case on appeal before us, we are restricted to errors apparent upon the record proper. *Lyman* v. *Ramsour*, 113 N. C., 503. There being none, the judgment must be affirmed. We may note, however, that the exception that the Judge allowed the summons to be amended by adding the words "State on relation of" before the name of plaintiff was not error. *Maggett* v. *Roberts*, 108 N. C., 174. It might have even been allowed after verdict (*Brown* v. *Mitchell*, 102 N. C., 347), or, indeed, in this Court. *Hodge*

12

v. *Railroad*, 108 N. C., 24, 26; *Grant* v. *Rogers*, 94 N. C., 755; *Tyrrell* v. *Simmons*, 48 N. C., 187; *The Code*, §965. Nor is there any ground for exception to the issues. *Humphrey* v. *Church*, 109 N. C., 137, and cases cited. The judgment is

Affirmed.