ASHEVILLE WOODWORKING COMPANY v. C. H. SOUTH-
WICK, et al.

*Appeal—Service of Case on Appeal—Waiver of Objections
to Improper Mode of Service—Entry on Docket of
Extension of Time to Serve Case on Appeal—Consent of
Parties—Truth of Record—Lease of Real Estate for
Five Years Subject to Mechanic's Lien—Fixtures.*

1. The improper service of a case on appeal is cured by the appel-
lee's acceptance of the case and filing exceptions thereto,
without objecting to the mode of service.

2. The rule that a party is bound by orders made in a pending
cause, during the session of court, whether actually present
or not, applies only to such orders as the court has a right
to make in the course or progress of the case without the
consent of the parties, but not to such as it has no right to
make or enter upon the docket except by the consent of both
parties, such as an entry of additional time to make and
serve case on appeal.

3. Where an entry upon the minute docket of the superior court
at the close of a trial, as shown by the transcript of the
record on appeal, shows an order as follows : " Thirty days
to defendant to serve case on appeal," this Court will pre-
sume that such order was made by consent of the parties.

4. The court below having control of its record to pass upon and
make it speak the truth, this Court will not review the
refusal by the lower court of an application for the correction
of its record as to the circumstances under which an entry
was made thereon.

5. A lease of real estate for five years is such an estate or interest
as may be subjected to a mechanic's lien.

6. Fixtures put up by the lessee of land are not a part of the
realty and do not pass with the land so as to survive to the
owner in fee on the termination of the lease.

CIVIL ACTION, tried before *Hoke, J.*, and a jury, at
April, 1896, Special Term of BUNCOMBE Superior Court.

The nature and purposes of the action and the matters involved in the appeal appear in the opinion of Associate Justice FURCHES. There was a verdict for the plaintiff, and the defendant McLoud alone appealed from the judgment thereon.

*Messrs Merrimon & Merrimon,* for plaintiff.
*Mr. F. A. Sondley,* for defendant McLoud (appellant).

FURCHES. J.: This is an action for the recovery of money and to declare a mechanic's lien, and the first thing we meet with is a motion by plaintiff to dismiss defendant's appeal upon two grounds:

First, That plaintiff's case on appeal was not served according to law; and

Second, That it was not served within ten days, the time required by law, and that the entry upon the docket allowing defendants thirty days to make their case on appeal was made without their knowledge or consent; that the judge had no right to make such an order and the same is void.

While we agree with plaintiff upon both propositions of law, we must refuse the motion to dismiss.

The first ground is cured by plaintiff accepting defendant's case on appeal, and filing exceptions thereto without objecting to the manner in which it was served.

It was contended by defendants that whether plaintiff or its attorney were actually present in court and assented to the order extending the time to make up the case on appeal or not, it was made in open court, while the court was in session and the law presumed the presence of plaintiff, and plaintiff is bound by the order.

We do not think so. This rule only applies to such orders as the court has the right to make in the course or

progress of the case, without the consent of the parties, but not to such an order as this, *that it had no right to make*, and no right to have entered upon the record, except by the consent of both parties. The proper entry would be " by consent of both parties (or all the parties), appellant has thirty days to make and serve case on appeal, and appellee has thirty days to file exceptions." This is often abbreviated by simply entering, " Plaintiff has thirty days to serve case on appeal and defendant thirty to reply." This the Court construes to be an order made by consent of the parties, as it could be made in no other way. And if it has been put on record through mistake, and in fact does not speak the truth, the court having control of the record when it was made is the proper court to pass upon and to correct its own records, " so they shall speak the truth." This application, as we understand from the record and from this motion and accompanying affidavits, has been made and refused. This action of the judge must stand, as we cannot review him upon this motion, nor have we any right to dispute the correctness of the record of the court below, nor have we the power to correct the same if it does not in fact speak the truth.

We find two entries on the record as to the extension of time to make and tender case on appeal. The first seems to be in the record proper, and is as follows : " Thirty days to defendant to serve case on appeal." The other is found in the judge's statement of case on appeal, and is as follows : " Defendants Southwick & McLeod appealed to the Supreme Court." " Notice of appeal given in open court. Appeal bond fixed at $25. Said defendants, Southwick & McLeod, then in open court, in the presence of plaintiff, asked the court to be allowed thirty days after court in which to serve case on appeal. To this plaintiff

offered no objection, and the court consequently, then and there made the following order, to-wit: Thirty days to defendants to serve case on appeal."

This finding of the judge goes very much to sustain the presumption that plaintiff was present when the entry was made, and assented to the same. The judge, at the close of the case, says: "The court has no recollection as to whether the defendants' counsel were present or not when the time was given to tender the case." By this we understand the judge to say that at this time (which was some considerable time after the adjournment of the court) he had no personal recollection as to whether plaintiff's attorneys were present or not. It can mean no more than this, as he allowed his statement as to how the order was made to remain in and a part of his statement of the case on appeal. The motion to dismiss is denied; and this brings us to a consideration of the matters involved in the appeal. The plaintiff took a non-suit as to the Chidisters before commencing the trial.

The defendant Southwick is the lessee of defendant Chidister of a hotel property in the city of Asheville for a term of five years, and the defendant McLeod is the assignee of Southwick of this term. The plaintiff is a manufacturing and furnishing establishment in the city of Asheville. The defendant Southwick, before his assignment to McLeod, ordered and purchased of the plaintiff a bill amounting to $1,176.47. A part of this bill is a "counter and bar fixtures." The counter is charged at the price of $128, and the bar fixtures (that is, back bar, safe and refrigerator) are charged at the price of $450.

The bill is admitted to be correct, and that the defendant Southwick owes the plaintiff the amount claimed, $1,176.47. It is admitted that all the articles named in plaintiff's bill were used in repairing and improving the

hotel property, except the articles above named. And it is admitted by defendant that plaintiff is entitled to a mechanic's lien for all its bill, except the articles mentioned above, (counter and bar fixtures), if defendants' leasehold term of five years is the subject of such lien. And it was also admitted that, if said term is subject to a mechanic's lien for a part or for the whole of plaintiff's debt, this lien is prior to all other liens.

These admissions bring us to the consideration of two questions. First, is a leasehold estate for the term of five years on real estate the subject of a mechanic's lien? And, secondly, is the counter, and what are called bar-fixtures, a part of the realty which will belong to the lessors at the expiration of the lease, or are they personal property and such as will not belong to the landlord at the termination of the lease? The whole case hinges upon these two questions, and a consideration of both may become necessary to a correct determination of the matter.

We will first consider whether this estate in the defendant Southwick as a lessee for five years is such an estate or interest as may be the subject of, or in other words may be subjected to, a mechanic's lien. If it is not, this ends the matter, and it is not necessary to consider the other question.

We can see no reason why it should not be liable to the attachment upon it of a mechanic's lien. It can be levied upon and sold under execution. The mechanic's lien is executionary in its nature, operation and effect, and like other attaching liens it gives cause of action. It only gives an additional means of securing the debt. If there is no debt, there can be no lien. *Clark* v. *Edwards*, at this Term. Besides the reason of the thing, which seems to us to be sufficient, that such an estate or interest as this is subject to the attachment of a mechanic's lien, it is so

held in Phillip's on Mechanic's Lien, Secs. 89 and 1791. And we so hold.

What are fixtures and what are not has become to be a very important question. It is presented in so many ways and under so many different circumstances that it is not always easy to determine what are and what are not such fixtures as become a part of the realty and pass as a part thereof under a conveyance or a transmission of the real estate.

This doctrine is very fully discussed in the recent case of *Overman v. Sasser*, 107 N. C., 432, where the subjects are classified and distinguished and the rules applied to the different classes. In the discussion in *Overman* v. *Sasser*, the leading case of *Moore* v. *Valentine* is cited, where PEARSON, C. J., tersely draws the distinction between fixtures attached to realty by the lessee (say for five years) and by an owner of the fee; that fixtures put up by the owner in fee become a part of the realty and pass with the land, while fixtures put up by a lessee do not become a part of the realty and do not pass with the land.

These authorities would seem to determine the question as to whether this "counter and bar fixtures" are a part of the real estate of the Chidisters and will survive to them at the termination of the lease. This is the question in the case. And it seems to us so clear that they will not that it is hardly necessary to pursue the inquiry further.

But, to put this matter beyond question, it is expressly agreed in the 7th article of the contract between the Chidisters and the defendant Southwick that they shall not be considered fixtures, which is as follows : " That if the said party of the second part, his executors, administrators or assigns, put any bar, bar fixtures or billiard tables on said hotel premises, they shall always be consid-

ered his or their property, and shall not be treated as furniture or fixtures when the premises are surrendered." This to our minds puts the question beyond controversy that they are not such fixtures as become a part of the realty and would survive at the termination of the lease to the lessors.

Nothing is the subject of a mechanic's lien that does not become a part of the real estate. 2 Jones on Liens, Sections 1,335 and 1,384.

We therefore hold that what is called " counter and bar fixtures " are not the subject of a mechanic's lien, and under all the evidence in the case it was the duty of the judge to have given defendant's prayer for this instruction. Under this instruction, the jury would have found that plaintiff's claim for these articles, amounting to $578, was not such a claim as entitled it to a mechanic's lien, and the judgment of the court should have been in accordance with such finding; but, as the case comes to us upon error on the part of the court, all we can do is to award a new trial.

New Trial.