A. D. WILLIS v. ATLANTIC & DANVILLE RAILWAY COMPANY.

*Appeal—Case on Appeal— Waiver of Service—Agreement of Counsel—Certiorari.*

Upon an appeal being taken at the close of a trial it was agreed that appellant should have twenty days to serve his case on appeal and the appellee the same time to serve his counter-case, and in answer to an inquiry by appellant's counsel, " To whom shall the case be sent ? " one of appellee's counsel said," Send it to J." The case, with the judge's notes was accordingly sent to " J." by express six days before the expiration of the limit, and a letter was also sent by mail the same day. Appellee's counsel did not return the case or notify the appellant's counsel that service by an officer would be required until another letter was written and the twenty days had expired ; *Held,* that, upon the undenied facts as to the agreement, the appellant's counsel had reasonable ground to believe that *The Code* requirement as to service by an officer was waived, and *certiorari* will issue to bring up the record.

ACTION, tried at Fall Term, 1896, of CASWELL Superior Court. The appellant moved in this Court for a writ of *certiorari* to bring up the record. The grounds of the motion are set out in the opinion of Associate Justice CLARK.

*Messrs. J. A. Long* and *J. W. Graham,* for plaintiff.
*Messrs. Battle & Mordecai, E. B. Withers,* and *W. A. Fentress,* for defendant (appellant).

CLARK, J. : This is not the case of a verbal agreement of counsel, which if denied, the court will not consider. Rule 39 ; *Sondley* v. *Asheville,* 112 N. C., 694 ; *Graham* v. *Edwards,* 114 N. C., 228. But here both sides agree

substantially as to what passed.    It was agreed that in lieu of the time prescribed by *The Code*, the appellant should be allowed twenty days to serve the case on appeal and the appellee twenty days to serve a counter case.   In reply to an inquiry of the appellant's counsel, " To whom shall I send the case?" one of appellee's counsel said, " Send to J."   By this arrangement the appellant's counsel understood, and not unreasonably, that *The Code* requirement as to service was waived, as well as the time limit, and sent the case on appeal and the judge's notes to " J." by express six days before the agreed twenty days expired, and also wrote him a letter by the same mail notifying him of the fact.    The appellee's counsel insists that he did not intend to waive service by an officer, but he must have perceived from the appellant's counsel's sending the case by express and the purport of his letter that the latter had so understood him, and if he had promptly notified the appellant's counsel of his mistake there would have been ample time to have corrected the error by causing service to be made by an officer.   But he did not give such notification till another letter had been written him and the twenty days' time had expired.

We can give no weight to the alleged " liberal practice prevailing in the district," which cannot avail against the statute (*Shober* v. *Hutchinson*, 74 N. C., 432), but from the undenied facts there was a reasonable misapprehension on the part of the appellant's counsel, and the writ of *certiorari* should issue.   *Parker* v. *Railroad*, 84 N. C., 118 ; *Graves* v. *Hines*, 106 N. C., 323 ; *Walton* v. *Pearson*, 83 N. C., 309.

The appellee will have until five days after the certificate of this opinion is filed in the office of the clerk of the superior court of Caswell county to serve his counter-case

or exceptions to the appellant's case. If the parties cannot agree upon a case, it will then be settled by the judge who tried the case, in the manner provided by *The Code*.

Petition Granted.