WACHOVIA BANK & TRUST CO., EXECUTOR, v. W. L. MILLER.

(Filed 16 December, 1925.)

**Appeal and Error—Case—Laches—Certiorari.**

>      Where the appellant has pursued his right of appeal to the Supreme
> Court in accordance with the requirements in such cases, and through
> no laches or neglect of his, his case has not been docketed within the
> time required, upon his motion in the Supreme Court duly made and
> in apt time, a *certiorari* will be granted.

APPEAL by defendant from *Stack, J.,* at February Term, 1925, of BUNCOMBE.

Petition for *certiorari,* made by defendant at the present term of Court in order to preserve his right of appeal and to have the case heard in its regular order at the next succeeding term.

*F. W. Thomas for defendant, petitioner.*
*Bourne, Parker & Jones for plaintiff, respondent.*

STACY, C. J. This case was tried at the February Term, 1925, of Buncombe Superior Court, before his Honor, A. M. Stack, judge presiding, and from a judgment in favor of plaintiff, the defendant appealed. The appeal could have been heard under Rule 5 (185 N. C., 788) at the last term, but it was properly brought to the present term of the Supreme Court.

The judge, upon notice that counsel were unable to agree upon a statement of the case on appeal, set 13 April, 1925, as the time for settling the case before him. By consent, this was changed to 25 April. Counsel for both sides appeared before the judge and argued the exceptions filed by plaintiff to the defendant's statement of case on appeal. The judge allowed some of the exceptions, indicating his rulings by certain entries upon the margin of the exceptions, but his signature appears at no place thereon. It seems to have been the understanding that defendant's counsel was to redraft his statement of case on appeal, inserting plaintiff's exceptions as allowed by the judge. This he undertook to do, but the judge declined to approve it, thinking that he had signed the original statement on 25 April, when the plaintiff's exceptions were passed upon, and he was not certain as to whether the case, as redrafted, conformed to the rulings made at that time; hence he did not wish to sign a second statement of the case as he understood it. Thereupon, on 17 November, 1925, the judge addressed a letter to the clerk of the Superior Court of Buncombe County, directing him to insert the charge

and the entire evidence of one of the witnesses (after reducing it to narrative form) in the "Case on Appeal" as previously signed by him. The clerk certifies that he has never seen the case on appeal, as mentioned by the judge in his letter, and that none of the counsel in the case has been able to furnish him with it. It is agreed that this statement cannot be found.

On Tuesday, 8 December, 1925, upon the call of the docket from the 19th District to which the case belongs, defendant, appellant, moved for a *certiorari* in this Court so as to preserve his right of appeal, pending the final settlement of the case by the judge. It would seem that the defendant is entitled to the writ, for no case on appeal has been settled by the judge as required by C. S., 644, and we cannot say, from the record now before us, that appellant has lost his right of appeal by laches. Conceding that the judge may have signed the original statement of case on appeal, directing certain evidence and his charge to be inserted therein, as he thinks he did, still this was not a compliance with the provisions of the statute. *Gaither v. Carpenter,* 143 N. C., 240. Appellant is entitled to a writ of *certiorari* where his failure to perfect his appeal is due to some error or act of the court or its officers, and not to any fault or neglect of his own or that of his agent. *Winborne v. Byrd,* 92 N. C., 7; *Johnson v. Andrews,* 132 N. C., 380.

The judges of our Superior Courts have all found the task of settling cases on appeal quite exacting, and the means or assistance provided for such work noticeably deficient, nevertheless *ita lex scripta est.*

Let the writ issue, to the end that the case on appeal may be settled as the law directs.

Petition allowed.