P. H. BELL v. VICTOR H. NIVENS ET AL.

(Filed 28 February, 1945.)

**1. Appeal and Error §§ 10a, 16, 18a—**

A writ of *certiorari* from this Court is not available to extend the time for preparation and service of statement of case on appeal, which is a matter for the parties and the court below, subject to the limitation that extension may not carry the appeal beyond the time it is due here.

**2. Appeal and Error § 10b—**

A statement of case on appeal not served in time may be disregarded or treated as a nullity. Of course, where a party is disadvantaged by some error or act of the court or its officers, and not by any fault or neglect of his own or his agent, a different situation is presented.

**3. Appeal and Error § 18a—**

It is not permissible to retrieve by *certiorari* the right to bring up "the case on appeal" which has been lost by laches. Its true use is to preserve the right before it is lost in order to prevent its loss.

**4. Appeal and Error §§ 10e, 31b—**

The failure to have the "case on appeal" legally settled does not *ipso facto* require a dismissal of the appeal. The appellants are still entitled to present the case on the record proper.

**5. Appeal and Error § 29—**

Failure to file brief works an abandonment of the exceptions and assignments of error, except those appearing on the face of the record which are cognizable *sua sponte*.

**6. Appeal and Error § 10a—**

The mailing by appellant of his statement of case on appeal is not sufficient service in the absence of an understanding to that effect.

APPEAL by defendants from *Carr, J.,* at October Term, 1944, of WASHINGTON.

Application by appellants for *certiorari* to bring up "case on appeal."

Motion by appellee (1) to dismiss the appeal, and (2) to affirm the judgment.

The case was tried at the October Term, 1944, of Washington Superior Court, and resulted in judgment for plaintiff being signed at Nashville, N. C., on 5 December, 1944. Copy of the judgment was mailed to defendant, Thomas J. Nivens, in New York City.

The defendants were allowed 28 days in which to serve case on appeal. This was later extended for seven days. The extension was subsequently revoked as the judge concluded that he had no authority to grant the extension.

On 7 January, 1945, the defendant, Thomas J. Nivens, mailed from New York City by registered letters copies of statement of case on appeal to the presiding judge, assistant clerk of the Superior Court of Washington County, and counsel for plaintiff at their respective addresses in North Carolina. Signed receipts, dated 9 January, 1945, were received from each of the addressees. Counsel for plaintiff did not accept service of statement of case; nor was service waived.

Up to this time the defendants were not represented by counsel. They undertook to try their own case and to prosecute the appeal *in propria personæ.* The appeal was due here 30 January, 1945.

On 9 February, 1945, counsel for defendants filed in this Court application for *certiorari* to bring up case on appeal.

Plaintiff moves to dismiss the appeal and to affirm the judgment.

*Carl L. Bailey for plaintiff, appellee.*

*E. D. Flowers (in Supreme Court only) for defendants, appellants.*

STACY, C. J.   We have here a question of appellate procedure.

A writ of *certiorari* from this Court is not available to extend the time for preparation and service of statement of case on appeal. *Smith v. Smith,* 199 N. C., 463, 154 S. E., 737. This is a matter which belongs to the parties and the court below, *S. v. Moore,* 210 N. C., 686, 188 S. E., 421, subject to the limitation that the extension may not carry the appeal beyond the time it is due here. *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126. It is axiomatic among those engaged in appellate practice that a "statement of case on appeal not served in time" may be disregarded or treated as a nullity. *Guano Co. v. Hicks,* 120 N. C., 29, 26 S. E., 650. Of course, where a party is disadvantaged by some error or act of the court or its officers, and not by any fault or neglect of his own or his agent, a different situation is presented. *Bank v. Miller,* 190 N. C., 775, 130 S. E., 616; *Winborne v. Byrd,* 92 N. C., 7; *Johnson v. Andrews,* 132 N. C., 376, 43 S. E., 926.

Nor is it permissible to retrieve by *certiorari* the right to bring up the "case on appeal" which has been lost by laches. *S. v. Moore, supra.* Its true use is to preserve the right before it is lost in order to prevent its loss. *Bank v. Miller, supra; Pruitt v. Wood, supra.*

The failure to have the "case on appeal" legally settled, however, does not *ipso facto* require a dismissal of the appeal. *Roberts v. Bus Co.,* 198 N. C., 779, 153 S. E., 398; *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713. The appellants are still entitled to present the case on the record proper. *Hicks v. Westbrook,* 121 N. C., 131, 28 S. E., 188.

The failure to file brief works an abandonment of the exceptions and assignments of error, *S. v. Dingle,* 209 N. C., 293, 183 S. E., 376, except those appearing on the face of the record which are cognizable *sua sponte,* e.g., want of jurisdiction or some patent defect. *Thornton v. Brady,* 100 N. C., 38, 5 S. E., 910; *Appomattox v. Buffaloe,* 121 N. C., 37, 27 S. E., 999.

Here the right to bring up the "case on appeal" has been lost by failure of appellants to serve their statement within the time allowed, or to obtain a waiver of such requirement. The mailing of the statement was not sufficient service in the absence of an understanding to that effect. *Forte v. Boone,* 114 N. C., 176, 19 S. E., 632; *Hicks v. Westbrook, supra; Edwards v. Perry,* 208 N. C., 252, 179 S. E., 892; *Roberts v. Bus Co., supra.* Hence, the result:

*Certiorari,* disallowed.

Motion to dismiss, denied.

Motion to affirm, granted.