*Vandiford,* 196 N.C. 237, 145 S.E. 235; *Swan v. Carawan,* 168 N.C. 472, 84 S.E. 699. See also *Joyce v. Sell,* 233 N.C. 585, 64 S.E. 2d 837; 8 Am. Jur., Bills and Notes, Sec. 1035; 40 Am. Jur., Payment, Sec. 278. The burden of proof is a substantial right. *Davis v. Dockery, supra; Collins v. Vandiford, supra.*

Here the defendant's plea of payment cast on him the burden of proving the affirmative of the issue thus raised. However, the trial court inadvertently placed the burden of proof on the plaintiff. This entitles the plaintiff to a

New trial.

---

### STATE v. ALONZO MOORE.

(Filed 20 October, 1954.)

**Criminal Law § 73a—**

　　　The dropping of the appeal papers, suspended by a string, through the transom of the solicitor's office in such way as to cause them to be pushed behind the door and out of sight when the door was opened, so that the papers were not seen until after time for service of case on appeal had expired, is not a sufficient service.

DEFENDANT's appeal from *Williams, J.,* May-June Term, 1954, CRAVEN.

The defendant was tried at the May-June Term, 1954, Superior Court of Craven County, upon a bill charging murder in the first degree. However, at the call of the case the Solicitor for the State announced that he would not ask for a verdict of guilty of the capital felony, but for a verdict of guilty of murder in the second degree. Upon the trial the defendant was convicted of murder in the second degree and from judgment imposed gave notice of appeal to the Supreme Court. The defendant was given 15 days in which to file and serve case on appeal, and the solicitor 10 days thereafter to serve countercase or file exceptions. The time for service of the case expired on Saturday, 19 June. On that day the defendant's counsel attempted to serve the case by going to the office of the solicitor at 11:30 at night in company with a deputy sheriff. The solicitor's office was closed and the door locked. The attorney and the deputy sheriff pried open the transom above the solicitor's office door, tied the appeal papers to the end of a string, pushed them through the transom, to which the other end of the string was fastened, in such a way as caused the papers and the string to be pushed behind the door and out of sight upon its being opened. The solicitor did not discover the papers until 3 July. Defendant's counsel had the deputy sheriff to mark the

papers "return of case on appeal as served" and immediately thereafter filed the papers as the case on appeal in this Court. Before the papers constituting defendant's case on appeal were discovered, the solicitor's time to file exceptions had expired. On failure of the solicitor and defense counsel to agree on exceptions, the solicitor served notice on defense counsel of record to appear before Judge Williams, before whom a motion was made to "strike out the defendant appellant's statement of case on appeal and dismiss the appeal."

After hearing affidavits and argument, Judge Williams, on 9 August, entered an order: "And the court finding and concluding that the mode of service attempted to be made pursuant to these findings of fact was and is not legal service of the statement of case on appeal, and in fact no service as contemplated by the statute, doth consider, order and adjudge that the return of the deputy sheriff upon the said statement of case be stricken out, that the statement of case on appeal by defendant has not been legally served upon the Solicitor for the State, and that said statement of case on appeal be stricken from the record in this case and dismissed."

To this order and the findings of fact therein, defendant objected, excepted and appealed to the Supreme Court.

The Attorney-General filed a motion to dismiss and to affirm judgment of the Superior Court. Defendant filed a petition for *certiorari,* and the Attorney-General filed an answer thereto.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Charles L. Abernethy, Jr., for defendant, appellant.*

PER CURIAM. The questions presented in this appeal are settled by the decision in *Bell v. Nivens,* 225 N.C. 35, 33 S.E. 2d 66.

*Certiorari,* disallowed.

Motion to dismiss, denied.

Motion to affirm, granted.