### STATE v. "SIMP" COLLINS.

(Filed 26 February, 1958.)

**Criminal Law § 26—**

> Where defendant appeals from conviction in a recorder's court of possession of nontax-paid whiskey and possession of whiskey for the purpose of sale, and upon appeal to the Superior Court, he is tried upon an indictment charging the same offenses, conviction in the county court does not preclude affirmance of the conviction in the Superior Court when there is no evidence in the record tending to show that the offenses referred to in the warrant and the bill of indictment are the same.

APPEAL by defendant from *Bone, J.,* August Mixed Term 1957 of PITT County.

The defendant was tried and convicted in the Municipal Recorder's Court of Ayden, North Carolina, upon a warrant charging that on 10 May 1957 the defendant did have "in his possession a quantity of nontax-paid whiskey, not bearing the stamp of the Pitt County A.B.C. Board, or any other A.B.C. Board of the State of North Carolina, and did have said whiskey in his possession for the purpose of sale * * *" The defendant appealed to the Superior Court where he was tried upon a bill of indictment containing two counts, the first count charging the defendant with having in his possession on 10 May 1957 alcoholic beverages upon which the taxes imposed by the laws of the Congress of the United States and by the laws of the State of North Carolina had not been paid, etc.; the second count charging the defendant with having in his possession on 10 May 1957 said alcoholic beverages for the purpose of sale.

The jury returned a verdict of "guilty as charged." The defendant was sentenced to twelve months in the common jail of Pitt County, to be assigned to work under the supervision of the State Prison Department.

The defendant appeals, assigning error.

*Attorney General Patton, Assistant Attorney General Mc-Galliard for the State.*

*L. T. Grantham, Charles L. Abernethy, Jr., for defendant.*

PER CURIAM. In the trial below the defendant made no motion to quash the bill of indictment, entered no plea in abatement, nor a plea of double jeopardy, nor was any motion interposed in arrest of judgment.

Present counsel for the defendant admit in their brief that apparently no appeal entries were entered at the time the judgment was imposed in the Superior Court, and that they have been unable to secure an agreement with the Solicitor by which a case on appeal, containing the evidence, could be brought to this Court. Hence, they have only brought up the record proper. *Bell v. Nivens,* 225 N.C. 35, 33 S.E. 2d 66.

Since the Municipal Recorder's Court of Ayden and the Superior Court of Pitt County have concurrent jurisdiction of misdemeanors (G.S. 7-64), and there being no evidence in the record tending to show that the offenses referred to in the warrant and the bill of indictment are the same, the judgment will be upheld on authority of *S. v. Suddreth,* 223 N.C. 610, 27 S.E. 2d 623.

Affirmed.