W. T. WIGGINS v. GEORGE TRIPP, MAJOR TRIPP AND CRAVEN LUMBER COMPANY, A CORPORATION.

(Filed 12 October, 1960.)

**1. Appeal and Error §§ 29, 31—**

Even when appellee's exceptions to the appellant's statement of case on appeal are deemed allowed, or the counter-case served by appellee constitutes the case on appeal, by reason of appellant's failure to make apt request that the trial judge fix a time and place for settling the case on appeal, the duty remains on appellant to have the statement of case on appeal, as thus modified, redrafted and submitted to the judge for his signature, and when he fails to do so there is no case on appeal. G.S. 1-282 and G.S. 1-283.

**2. Same—**

Order of the Supreme Court granting time in which to serve statement of case on appeal and time in which to serve exceptions or counter-case, and providing that if the case should not be settled by agreement it

should be settled by the judge within a given time, does not relieve appellant of the duty to comply with the provisions of G.S. 1-282 and G.S. 1-283, including the duty to request the judge to settle the case.

**3. Appeal and Error § 28—**

Where there is no proper statement of case on appeal, the appeal will be dismissed in the absence of error appearing on the face of the record.

APPEAL by defendant George Tripp from *Bundy, J.,* at October 1959 Civil Term, of CRAVEN.

Civil action instituted 14 November 1953, to try title to certain lands described in the complaint and for damages for trespass thereon.

Defendant George Tripp, while admitting that plaintiff is the owner of and in possession of certain lands in No. 1 Township, Craven County, North Carolina, specifically denies that plaintiff is the owner of or in possession of the lands described in paragraph one of the complaint. And this defendant sets up claim of ownership to two tracts of land allegedly purchased from Mae Morris Wiggins and husband M. M. Wiggins specifically set forth in paragraph one of defendant's further defense — basing ownership by ripening of title by seven years adverse possession under color of title.

By leave first had plaintiff filed amendment to his complaint in lieu of paragraph one set out in the complaint, alleging ownership and possession of a more specifically described tract of land containing 38 acres.

On 20 February 1954, judgment by default, in absence of answers filed, was rendered against defendant Major Tripp and Craven Lumber Company, declaring plaintiff is the owner of the lands described in the complaint, and of the logs that have been cut or removed or are now lying upon the land as described in the complaint, and that said defendants are permanently restrained and enjoined from trespassing thereon, etc.

Thereafter on 29 November 1954, Parker, J., upon it appearing that this action should be referred for the reason that the case involves a complicated question of boundary, or one which requires a personal view of the premises, Sec. 1-189, subsection 3, of G.S., compiled in 1953, of his own motion ordered reference to D. C. McCotter, Jr.

To the foregoing order of compulsory reference both plaintiff and defendants object and each reserved constitutional right to a jury trial of the issues of fact arising on the pleadings.

On application dated 4 February 1957, Frizzelle, J., accepted the

resignation of McCotter as Referee, and appointed in his stead R. A. Nunn— with all the powers and duties imposed by statute upon referees, and directed him to hear the cause as expeditiously as possible.

To the foregoing order plaintiff and defendants except, and expressly reserve their right to trial by jury.

After hearing duly had, the referee made his report on 20 January 1959. To this report defendant filed several exceptions and amended exceptions.

Thereafter the cause coming on to be heard at October 1959 Civil Term of Superior Court of Craven County, and being heard by Bundy, J., who by consent retained same with agreement in open court that he might determine the matter upon the exceptions of defendants out of the county and out of term as though filed in term and in the county; and having made such determination, the court thereupon considered and adjudged: (1) That the exceptions are without merit and should be overruled and the Referee's Report confirmed both as to his findings of fact and conclusions of law which by reference are incorporated in and made a part of the judgment; (2) that plaintiff, W. T. Wiggins, is the owner of and entitled to the possession of the lands described in the complaint as amended— specifically described; (3) that defendants be permanently restrained and enjoined from trespassing upon said lands, etc., and the cause be retained for the assessment of damages by a jury as to the cutting of timber by defendants upon said lands; and (4) that a copy of the court map shall be filed with this judgment, and that the judgment with copy of map attached, shall be certified by the Clerk of the court to the Register of Deeds of Craven County for recordation in the office of the Register of Deeds of Craven County,— the plaintiff to recover of defendants cost of the action to be taxed by the Clerk.

The record shows this *Statement By The Court:* "An examination of the judgment in this cause hereto entered discloses that it contains no reference to the manner in which this said cause came on for disposition.

"In order to make the record speak the truth, the undersigned Judge who signed the judgment and heard the cause wishes the record to show that it came on before him at the November Civil Term of the Craven County Superior Court upon motion of the plaintiff, through his counsel, Mr. R. E. Whitehurst of New Bern. That said motion was an oral motion and that the cause was calendared for hearing upon such motion upon the Motion Calendar. That the said

motion was addressed to the alleged insufficiency of the exceptions and issues tendered by the defendants to preserve the defendants' right of appeal and a jury trial.

"That the defendants appeared with their counsel, Mr. H. P. White-hurst of New Bern, and Wilkinson and Ward of Washington, and the matter was fully argued by both sides, and heard by the court, without objection on the part of the defendants.

"The facts as stated do not otherwise appear in the record.

"This the 6th day of January 1960.

(Signed) William J. Bundy."

On the 80th page of the record on appeal there appears the following: "The foregoing is tendered by the defendant appellant as his statement of the case on appeal. This the 28th day of April 1960. Wilkinson and Ward, Attorneys for Defendant. Service accepted, copy received, this 29th day of April 1960. R. E. Whitehurst. 29 Apr. Filed at 4:08 P. M., W. B. Flanner, Clerk Superior Court, by WBT."

Then beginning on page 81 and ending on page 93 of record appears what is captioned "Plaintiff Appellee's Exceptions to the Defendant Appellant's Statement of Case on Appeal to the Supreme Court, which was served on Appellee on April 29, 1960." Then there follows thirty-seven paragraphs of such exceptions comprising twelve pages of the record,— "Service accepted this ........ May 1960. H. P. Whitehurst, Attorney for Defendant. Filed May 24, 1960."

Further, the record on this appeal contains certificate of Clerk of Superior Court of Craven County, dated 15 August 1960, reading in pertinent part as follows: "I do hereby certify that there was filed with me on the 29th day of April 1960, at 4:08 P. M., a statement of case on appeal by the Appellant-Defendant, George Tripp, in the above matter, upon which service was accepted on the 29th day of April 1960; that on the 24th day of May, 1960, there was filed with me Exceptions to Appellant's Statement of case on appeal upon which service was accepted the same day; that the originals of both the Case on Appeal as prepared by the Appellant and the Exceptions as prepared by the Appellee, having been in my office since the dates named above; that no request has been made of me to make up the case on appeal by combining or inserting in the Appellant's Statement of Case on Appeal the exceptions and changes made by the appellee, and there appears no record of any request for Judge Bundy to settle the case on appeal * * * ."

Moreover there is in the record nothing to show a case on appeal.

And the record on this appeal shows that to the foregoing judgment defendants except, and appeal to Supreme Court.

*R. E. Whitehurst, LeRoy C. Scott, David S. Henderson for plaintiff, appellee.*

*Cecil May, H. P. Whitehurst, Wilkinson & Ward for defendant, appellant.*

WINBORNE, C. J. At the threshold of their appeal defendants are confronted with a motion to dismiss the appeal for that there is no case on appeal— and the record contains no request for the judge to settle a case on appeal.

The requirements are set forth in G.S. 1-282 and G.S. 1-283. The statute provides that the appellant shall cause to be prepared a concise statement of case on appeal and prescribes what it shall embody, and that a copy shall be served on respondent, appellee, within time given by statute or extended by order of court. It further provides that within time given in like manner respondent shall return the copy with his approval or with specific amendments endorsed or attached. If the case on appeal be returned by the respondent, with exceptions as prescribed, the appellant shall immediately request the judge to fix a time and place for settling the case before him. If, however, the appellant delays longer than fifteen days, unless time be enlarged by agreement after respondent serves his counter-case or exceptions, to make such request, or delays for such period to mail the case and counter-case or exceptions to the judge, the exceptions filed by the respondent shall be allowed, or the counter-case served by him shall constitute the case on appeal.

However it is the duty of the appellant to have the statement of case on appeal as thus modified, redrafted and submitted to the judge for his signature. *Gaither v. Carpenter*, 143 N.C. 240, 55 S.E. 625. *WNC Conference v. Tally*, 229 N.C. 1, 47 S.E. 2d 467. "Moreover, when he fails to do so there is no 'case on appeal.' *Mitchell v. Tedder*, 107 N.C. 358, 12 S.E. 193; *Waller v. Dudley*, 193 N.C. 749, 138 S.E. 128."

Let it be noted that while this Court in response to motion suggesting diminution of the record, entered an order (1) granting time in which to serve statement of case on appeal and time in which to serve exceptions or countercase, and (2) providing that if case on appeal should not be settled by agreement, same should be settled by Judge Bundy within given time, the order does not relieve appellant of duty of requesting the Judge to settle the case, and of

otherwise performing the duties imposed upon appellant by the statute. G.S. 1-282 and G.S. 1-283.

And where there is no proper statement of case on appeal, the Supreme Court can determine only whether there is error on the face of the record proper. *WNC Conference v. Tally, supra.*

Applying these provisions of the statutes interpreted by decisions of this Court, error is not made to appear upon the face of the record. Therefore the motion to dismiss is well taken, and should be granted.

Appeal dismissed.