EMMA FORBES TWIFORD AND HUSBAND, LOUIS TWIFORD v.
ARTHUR HARRISON AND WIFE, ANN JONES HARRISON.

(Filed 18 September 1963.)

**Appeal and Error § 29—**

Where appellant serves no statement of case on appeal on appellee and
no case on appeal is settled by the court, there is no proper statement
of case on appeal, and the Supreme Court can review only the record
proper for errors appearing upon its face. The provisions of G.S. 1-282
and G.S. 1-283 are mandatory.

APPEAL by defendants from *Sink, E.J.,* January 1963 Term of
CURRITUCK.

Plaintiffs instituted this action as a special proceeding under Chapter 38 of the General Statutes to establish the boundary line between
lands which they alleged were owned by Emma Forbes Twiford and
the defendants. Defendants denied plaintiff's title and alleged sole
ownership in themselves. Thereafter the cause proceeded as an action
to quiet title under G.S. 41-10. A compulsory reference was ordered
at the January 1963 term. The referee duly heard the matter, concluded that the defendants were the owners of the land in dispute, and
filed his report. The plaintiffs excepted to his findings and conclusions,
tendered issues, and demanded a jury trial. Upon the trial, the jury
answered YES to the following issue:

"Are the petitioners, Emma Forbes Twiford and Louis Twiford,
the owners of the land shown on the Court map enclosed within
the lines from A to B to C to D to E to A?"

From judgment entered on the verdict defendants appealed.

*Frank B. Aycock, Jr. and Gerald F. White for plaintiff appellees.*
*F. V. Dunstan and J. W. Jennette for defendant appellants.*

PER CURIAM. The transcript of appeal certified to this Court contains no narrative statement of the evidence before the referee or the
Superior Court. It contains neither exhibits, muniments of title, nor
the court map which was evidently the hub of the trial. There is only a
purported summary entitled "Statement of Case on Appeal" in which,
on one mimeographed page, counsel profess to abridge the 234 pages
of testimony before the referee. In addition to this statement and the
record proper, the transcript includes the judge's charge and five
assignments of error which are either formal or are not presented by
the record.

The record shows that no case on appeal has been settled by the judge or by counsel. Indeed, it reveals that none was ever prepared in the form required by statute and the rules of this Court. When a proper statement of case on appeal has not been certified here, the Supreme Court can determine only whether error appears on the face of the record proper. The provisions of G.S. 1-282 and G.S. 1-283 are mandatory. *Wiggins v. Tripp,* 253 N.C. 171, 116 S.E. 2d 355. No error appearing in the record proper, the judgment of the court below will be affirmed and this appeal dismissed.

Appeal dismissed.