THOMAS G. THURSTON, PETITIONER v. SALISBURY ZONING BOARD OF ADJUSTMENT: CARROLL EARNHARDT, FANNIE BUTLER, JOHN RINK, ALEXANDER MONROE, RODNEY CALLAWAY, E. G. SAFRIT, KEN WAGONER, JOHN HIPP, EDWARD POE, JAMES KLUTTZ, MRS. ELMER LAGG AND DUKE POWER COMPANY, RESPONDENTS

No. 7419SC831

(Filed 18 December 1974)

1. **Appeal and Error § 36— necessity for proper service of case on appeal**
   Service of the case on appeal by a proper officer, or acceptance of service by appellee or his counsel, is a requirement of a valid appeal. G.S. 1-282.

Thurston v. Zoning Board

2. **Appeal and Error § 36; Rules of Civil Procedure § 5— service of case on appeal**

   G.S. 1A-1, Rule 5, is inapplicable to service of case on appeal as required by G.S. 1-282.

APPEAL by petitioner from *Exum, Judge,* 10 June 1974 regularly schedule Civil Session of Superior Court held in CABARRUS County. Heard in the Court of Appeals 19 November 1974.

In early 1973 Duke Power Company applied to the Salisbury Zoning Board of Adjustment for a special exception to allow the construction of a power line through a restricted residential neighborhood. On 14 May 1973, a hearing was held. Petitioner was present and spoke in opposition thereto. Present counsel for petitioner was also present and spoke in opposition. Eight members of the Board were present and of those, seven voted for the issuance of the exception. Because the vote was not unanimous, as required by the ordinance, the application was denied. Duke applied to the superior court for review and furnished present petitioner with a copy of the record and petition. Present petitioner appeared in superior court but did not apply to the court for permission to intervene or to be made a party and did not present evidence or participate in any way in the hearing. The court directed the Board to grant the special exception applied for upon the imposition of such reasonable restrictions as the Board might require. No objection was made or exception taken to the court's ruling. Nine days after the entry of the order, Thurston attempted to appeal to this Court. We dismissed the apppeal for that Thurston, having failed timely to intervene or request that he be made a party, had no right to appeal. 20 N.C. App. 730, 202 S.E. 2d 607 (1974), cert. denied 285 N.C. 235 (1974).

On 11 April 1974, acting pursuant to the court's order the Board held a special session and allowed Duke's petition "on the condition that the transmission poles' foundation be placed at the lowest coast and geodetic survey established elevation allowable within good line construction practices." Subsequently, and on 10 May 1974, this action was instituted in the superior court asking, for alleged errors on the part of the Board, that the act of the Board in allowing the petition be reversed or that the matter be remanded for further consideration.

Duke petitioned the court that it be allowed to become a party to the present action, and its petition was allowed. Duke,

on 28 May 1974, moved, in writing that the petition be dismissed and for summary judgment. Notice was served on Thurston notifying him, among other things, that the hearing on the motions would be held in Cabarrus County on Monday, 10 June 1974. On Friday, 7 June 1974, Thurston, in writing, objected to the matter's being heard in Cabarrus. In open court on 10 June 1974, Thurston orally renewed his objection. It was over-ruled because there had been adequate notice. The court treated the motion for dismissal and summary judgment as a petition for a writ of certiorari to review the 11 April 1974 action of the Board, granted the petition, made the writ returnable im-mediately, reviewed the record, and held that the action of the Board was in all respects proper. Thurston gave notice of ap-peal to this Court.

Carlton, Rhodes and Thurston, by Richard F. Thurston, for petitioner appellant.

Kluttz and Hamlin, by Clarence Kluttz, and William I. Ward, Chief Trial Counsel, for appellee Duke Power Company.

James A. Hudson, City Attorney, for Salisbury Zoning Board of Adjustment, respondent appellee.

MORRIS, Judge.

By motion filed prior to argument, respondents move to dismiss petitioner's appeal, among other reasons, for failure of petitioner to comply with G.S. 1-282, which provides, in perti-nent part:

> "The appellant shall cause to be prepared a concise state-ment of the case, embodying the instructions of the judge as signed by him, if there be an exception thereto, and the request of the counsel of the parties for instructions if there be any exception on account of the granting or with-holding thereof, and stating separately, in articles num-bered, the errors alleged. *A copy of this statement shall be served on the respondent within fifteen days from the entry of the appeal taken; . . .* " (Emphasis supplied.)

The statute provides for procedure "after such service" and for extension of time "[i]f it appears that the case on appeal cannot be served within the time prescribed above."

The provisions of G.S. 1-282 are mandatory, not directory. *Twiford v. Harrison*, 260 N.C. 217, 132 S.E. 2d 321 (1963);

Thurston v. Zoning Board

*Wiggins v. Tripp,* 253 N.C. 171, 116 S.E. 2d 355 (1960) ; *State v. Lewis,* 9 N.C. App. 323, 176 S.E. 2d 1 (1970).

[1]  Service of the case on appeal by a proper officer, or acceptance of service by appellee or his counsel, has long been a requirement of a valid appeal in this State. *State v. Moore,* 240 N.C. 792, 84 S.E. 2d 174 (1954) ; *State v. Daniels,* 231 N.C. 17, 56 S.E. 2d 646 (1949) ; *Bell v. Nivens,* 225 N.C. 35, 33 S.E. 2d 66 (1945) ; *State v. Moore,* 210 N.C. 686, 188 S.E. 421 (1936) and cases there cited; *Willis v. R. R.,* 119 N.C. 718, 25 S.E. 790 (1896) ; *Woodworking Co. v. Southwick,* 119 N.C. 611, 26 S.E. 253 (1896) ; *Smith v. Smith,* 119 N.C. 311, 25 S.E. 877 (1896) ; *McNeill v. R. R.,* 117 N.C. 642, 23 S.E. 268 (1895) and cases there cited; *Forte v. Boone,* 114 N.C. 176, 19 S.E. 632 (1894) and cases there cited; *Cummings v. Hoffman,* 113 N.C. 267, 18 S.E. 170 (1893) and cases there cited; *Peebles v. Braswell,* 107 N.C. 68, 12 S.E. 44 (1890).

[2]  Petitioner concedes that service by a proper officer was not had, nor did respondent or counsel accept service. He argues that cases cited by respondents were decided "before the enactment of the North Carolina Rules of Civil Procedure by the General Assembly." He does not enlighten us as to which of the new rules brought about a change in the service requirement, nor have we been able to find a rule which substantiates petitioner's position. We are of the opinion that G.S. 1A-1, Rule 5, has no applicability to service of case on appeal as required by G.S. 1-282 and the case law of this State. He further argues that it is a general practice of attoneys in his county "to serve case on appeal either by mail or by delivering it themselves to the attorneys." Even if we were so inclined, we can give no weight to this alleged very liberal practice of noncompliance with the statute prevailing in the county. See *Willis v. R. R., supra.*

In the case of *Roberts v. Stewart* and *Newton v. Stewart,* 3 N.C. App. 120, 164 S.E. 2d 58 (1968), cert. denied 275 N.C. 137 (1969), this Court said:

"In the absence of a case on appeal served within the time fixed by the statute, or by valid enlargement, the appellate court will review only the record proper and determine whether errors of law are disclosed on the face thereof . . . . "

⁽ᵐ⁾We have reviewed the record proper. No prejudicial error is disclosed on the face thereof.

Affirmed.

Judges CAMPBELL and VAUGHN concur.