*J. M. MITCHELL v. PATSY TEDDER.

*Case on Appeal—Practice.*

When the Judge sustains exceptions filed by appellee to appellant's statement of case on appeal, and directs the case thus modified to be redrafted and sent up, it is the duty of the appellant to have the case redrafted and presented to the Judge for signature. When he does not do this, but merely sends up his statement of case, together with appellee's exceptions and the order of the Judge, there is no "case settled on appeal," and the Court (if there are no errors on the face of the record proper) may, on motion of appellee, or *ex mero motu*, either affirm the judgment or remand the case.

Appeal by defendant from *Gilmer, J.*, at Fall Term, 1889, of WILKES Superior Court.

The facts appear in the opinion.

No counsel for plaintiff.
*Mr. D. M. Furches*, (by brief), for defendant.

CLARK, J.: The appellant served his statement of case on appeal, to which the appellee filed numerous exceptions. The Judge sustained all of the appellee's exceptions, and directed that the "case" be redrafted by incorporating the exceptions sustained and striking out the parts of the appel-

---

*Head-notes by CLARK, J.

lant's case which this made necessary. This has not been done. The transcript sent up contains merely the appellant's case, together with the appellee's exceptions and the order of the Judge sustaining the exceptions. The appeal is not in a condition to be intelligently presented and argued. There is, indeed, in contemplation of law, no "case settled on appeal." The Court might, therefore, well affirm the judgment below, as there appear to be no errors upon the face of the record proper. The appellee, however, has not moved the Court to affirm the judgment, and in the present case the Court will not do so *ex mero motu*. Such loose practice, however, will not be tolerated.

The case will be remanded, that the appellant may have an opportunity to comply with the order of the Judge by redrafting and reforming the "case on appeal" in conformity with the amendments and alterations required by the order.

The transcript should not be cumbered with appellant's statement of case, defendant's exceptions thereto, and the Judge's order. These are *minutiæ* of the "settlement," with which this Court has nothing to do. It has often held that it will not go behind the "case settled." Had the Judge died after passing upon the exceptions, and before the "case" had been reformed as ordered by him, and counsel could not agree upon the redraft, then, *ex necessitate*, it may be that these matters should be sent up that this Court might pass upon the scope and effect of the order; but here, though the Judge has gone out of office, it is still made his duty to settle the case by the last paragraph of *The Code*, § 550. The redrafted case should be sent to him by the appellant for signature, and, when signed and settled by him, it will be sent up as the transcript of the "case on appeal."

*Per Curiam.* Remanded.