JOHN L. HINTON v. H. F. GREENLEAF et al.

*Practice—Case on Appeal—Remand Instead of Dismissal.*

When the Judge below allowed amendments proposed by the appellee to a statement of the case on appeal served by the appellant, and ordered "that the case on appeal be as stated by the defendant, with said amendments incorporated therein," and the Clerk sent up the appellants' statement, the appellee's exceptions and the Judge's order sustaining the exceptions: *Held,* that, although in contemplation of law there is no "case settled on appeal," and a motion to dismiss might be allowed, it is preferable to remand the case, to be redrafted, according to the Judge's order, so that the matter may be disposed of on its merits.

This was a CIVIL ACTION, tried before *Brown, J.,* and a jury, at Special Term, 1894, of PASQUOTANK Superior Court. In this Court the plaintiff's counsel moved to dismiss the appeal for want of a "case."

It appears that the appellant served his statement of the case on appeal, the appellee filed exceptions thereto, the case was settled by the Judge, allowing the amendments proposed

by the appellee, and ordering " that the case on appeal be as stated by the defendant, with said five amendments incorporated therein." Thereupon, the Clerk sent up the appellants' statement, the appellee's exceptions, and the Judge's order sustaining the exceptions.

*Messrs. W. J. Griffin* and *Pruden & Vann*, for plaintiff.
*Messrs. Grandy & Aydlett*, for defendants (appellants).

MacRae, J.: There is, in contemplation of law, no "case settled on appeal." And we might dismiss the appeal for want of a case. *Mitchell* v. *Tedder*, 107 N. C., 358. We prefer, however, that the matter should be disposed of upon its merits, and will direct that it be remanded, in order that the case on appeal may be redrafted, according to the order of his Honor below. This is necessary, because the principal point before us was an objection to his Honor's charge upon the presumption of law and burden of proof. In the statement of the case presented by the appellant the exception is stated to the charge of his Honor, setting out the language objected to. In the exceptions of appellee the whole of his Honor's charge is set out. This differs from that portion objected to by appellant. We are uncertain whether his Honor intended that the charge, as stated by appellant, was to be amended by the addition of that stated in appellee's exception as the Judge's charge, or whether the amendment was to be inserted in place of that set out in the appellant's statement. What the presiding Judge did instruct the jury upon the point in question will, of course, have an important bearing upon the determination of the question involved in the appeal. Remanded.