B. W. NASH, Trustee v. S. J. SUTTON et al.

*Religious Society—Right of Individual Member—Removal of Faithless Trustees—Title of Property—Recovery of Legal Title.*

1. Under the provisions of *The Code* (chapter 54) a religious society may remove a trustee of church property, who proves faithless to his trust, and may fill any vacancy thus created.

2. An individual member of a religious society has an equitable interest in the property held by the church and may maintain an action for the removal of faithless trustees, who have deprived the society of property held by them in trust for the purposes and in the manner set forth in chapter 54 of *The Code*.

3. In such case the judgment may be so framed as to appoint the plaintiff trustee instead of the trustees so removed and to direct a conveyance of the legal title of property to him to be held in trust for the use and benefit of the society and to convey it as such society may direct.

NASH *v.* SUTTON.

CIVIL ACTION, tried at Fall Term, 1894, of LENOIR Superior Court, before *Boykin, J.*, and a jury. Upon the close of the plaintiff's testimony, his Honor intimated that the plaintiff could not recover, whereupon he submitted to nonsuit and appealed. The facts appear in the opinion of Associate Justice MONTGOMERY.

*Mr. W. R. Allen*, for plaintiff (appellant).
*Mr. N. J. Rouse*, for defendants.

MONTGOMERY, J.: Chapter 54 of *The Code*, entitled "Religious Societies," furnishes full security for the protection of the possession and title to lands given, granted or devised for the purpose of religious worship. The trustees to whom the property is, or has been conveyed or devised, are the owners of the legal estate for the benefit of the church, congregation, denomination or society "for their several use according to the intent expressed in the gift, conveyance or will; and in case there shall be no trustee then in the said churches, denominations, congregations or societies according to said intent," Section 3667 of *The Code* further provides, that any ecclesiastical body, whether it be called synod, conference or convention, representing any church or religious denomination, may appoint, whenever and in such manner as such bodies, societies or congregation may deem proper, a suitable number of persons as trustees, each for itself, which trustees and their successors shall have the right and power to receive gifts and to buy and to hold property, real and personal, in trust for such church or denomination, religious society or congregation. There is a limit to such acquisition of property, however, as to lands not used directly for religious use and worship, which it is not necessary to notice here. Section 3668 of *The Code* provides that "the

body appointing may remove such trustees or any of them, and fill all vacancies caused by death or otherwise, and the said trustees and their successors may sue and be sued in all proper actions for or on account of the donations and property so held or claimed by them." The plaintiff brings this action in his own behalf as a member of Hickory Grove Church and as trustee of Union Baptist Association to have set up a lost deed to the property in dispute and to have the defendants, whom he alleges to be faithless trustees of the church, removed ; to have himself declared trustee, and for the possession of the property to hold for the benefit of the Union Baptist Association. It is alleged in the complaint that a deed was made by J. E. Sutton and wife to the trustees of the church, the defendants, for the land on which the church was built. The deed was made in 1872 for "the use and benefit of the Baptist denomination and church at Hickory Grove;" that the defendants as such trustees took charge of the property, and the church congregation used and enjoyed it as a place of worship for many years thereafter ;" that the deed was duly registered but has been lost and the registry containing the registration has been destroyed by fire ; that the plaintiff has been unlawful deprived of the use of the church property and ejected therefrom ; and that the defendants abandoned their faith as Baptists, and, with the greater number of the congregation, have joined another denomination of christians and have been for some time using and enjoying the church property exclusively for the benefit of the church which they recently joined, and claim the property as that of the church of their new faith ; that the defendants have been removed as trustees by the Union Baptist Association on account of their faithlessness, and the plaintiff appointed by the association sole trustee for their benefit, that association claiming the right to

remove the defendants and to appoint the plaintiff in their stead under powers conferred on them by the action of the churches comprising the Association, including the church at Hickory Grove; and that the plaintiff as such trustee has demanded the property from the defendants and also a deed from them to him which the defendants refused to give. The plaintiff on the trial testified to all the material facts set out in the complaint, and upon the conclusion of his testimony the court intimated that the plaintiff could not recover, although the church at Hickory Grove might be disorganized and incapable of transacting its business, as the plaintiff admitted that no conveyance had been made from the trustees of the church to him. There was error in this ruling. It was not necessary that the plaintiff should have had the legal title to the property to entitle him to relief in this action. It is not required of us to pass on the regularity and effect of the appointment of the plaintiff as trustee of the Union Association, for as an interested member of the Hickory Grove church and of the Union Baptist Association he had an equitable interest in the property sufficient to enable him to bring this action against the defendants who, as he had alleged and testified, proved faithless to their trust and to have them removed for the breach and a new trustee appointed. When the case is heard on the complaint and answer, if the plaintiff shall recover, the judgment can be so framed as to remove the defendants for their bad faith in their office of trustees, and to appoint the plaintiff a trustee in their place to hold the property for the benefit of the Union Baptist Association, he, at any time the Association may require, to convey the property as the Association may direct.

The defendant may also be required to convey to the new trustee the legal title to the property, and the regis-

tration of the judgment be made to operate as the convey-
ance.                                                                    Error.

NOTE. In this case in the 109 N. C., 550, Mr. W. R. Allen is
reported as having an appearance for the defendants. He was not
employed but simply read the authorities of Mr. George Rountree,
the counsel of the defendant who was necessarily absent, and at
his request and through courtesy to him.