HENRY B. STEVENS et als v. C. L. SMATHERS et al.

(Decided December 20, 1898.)

*Appeal.*

Where an appellant's case on appeal has been excepted to in apt time, the appellant should forward the case and exceptions to the trial Judge to be settled by him; should the case be sent to this Court without having been settled, it is optional with the Court either to take the appellant's case as modified by the exceptions, or to remand the case to be settled by the Judge below or to affirm the judgment in the absence of a "case settled," where there is no error on the face of the record proper.

THIS WAS AN APPEAL from the Superior Court of HAYWOOD County, Spring Term, 1898, *Hoke, J.*, presiding.

Judgment rendered in favor of plaintiff.

Appeal by defendant Smathers.

The appellant's case on appeal was duly served, and the appellee's exceptions thereto, within five days, were handed to appellant's counsel, who accepted service thereof, but failed to apply to his Honor to settle the case, but had his "case on appeal" sent up, as if it had not been excepted to.

123—32

In this Court the appellant insisted his case was the true case on appeal, and the appellee moved to dismiss for that there was no legal case on appeal.

The case being one of some complication, was remanded to be settled by the Judge below.

*Messrs. Ferguson & Ferguson*, for defendant (appellant).

*Messrs. Merrimon & Merrimon* and *George A. Shuford*, for plaintiff.

CLARK, J.: The appellant's case on appeal was duly served, and in five days thereafter the appellee's exceptions were handed to the appellant's counsel, who accepted service thereof, as appears on the papers sent up. The appellant, however, thinking this insufficient, did not apply to the Judge to settle the case, as he should have done, but instead sent up his "case on appeal" as if it had not been excepted to, and insists that it is the true case on appeal, and the appellee moves to dismiss on the ground that there is no legal case on appeal.

The case of *McDaniel* v. *Scurlock*, 115 N. C., 295, is on "all-fours" with this. It is there held that the appellant cannot complain that his statement of case on appeal was not returned to him within five days, when in fact the appellee's exceptions thereto were duly served on him within the five days, and that if in such case the appellant fails to apply to the Judge to settle the case, this Court may either take the appellant's "statement" as modified by the appellee's exceptions as the case on appeal. (*Russell* v. *Davis*, 99 N. C., 215; *Owens* v. *Phelps*, 92 N. C., 231); or, in case of complication, remand the case to be settled by the Judge. *Ar-*

*rington* v. *Arrington*, 114 N. C., 115; *Hinton* v. *Green-lee*, 115 N. C., 5.

The latter is the condition here, and the case will be remanded that the Judge may settle the "case on appeal," though it is optional with the Court in such cases whether it shall not affirm the judgment in the absence of a "case settled" on appeal (there being no errors on the face of the record proper). *Mitchell* v. *Tedder*, 107 N. C., 358; *Hinton* v. *Greenlee, supra.*

Remanded.