## GAITHER v. CARPENTER.

(Filed December 4, 1906).

*Case on Appeal—Appellee's Exceptions—Duty of Appellant —Malicious Prosecution—Evidence of Deliberations of Jury—Harmless Error—Malice—Instructions—Contentions of Parties—Charge Taken to Jury-room.*

1. Where the Court adopts the "appellant's case as amended by the appellee's exceptions" it is the duty of the appellant to have the case, as thus modified, redrafted and submitted to the Judge for signature: When he does not do this, but merely sends up his case with the appellee's exceptions and Judge's order, there is strictly no "case settled," and the Court in its discretion (there being no errors upon the face of the record) may, *ex mero motu,* either affirm the judgment or remand the case.

2. Where the counsel do not agree upon the case on appeal, only the "case settled" by the Judge should come up in the record.

3. The "case on appeal" should contain such incidents of the trial as were duly excepted to.

4. In an action for malicious prosecution, evidence of a member of the jury in the criminal trial that the jury were "out a considerable time" and at first stood "seven for acquittal and five for conviction" was irrelevant, and should have been excluded, but this Court cannot see that its admission was prejudicial or reversible error in this case.

5. An instruction that to constitute malicious prosecution there must be want of probable cause and malice was correct.

6. In an action for malicious prosecution, the plaintiff cannot complain of the definition of malice as "a disposition to do the person prosecuted a wrong without legal excuse."

7. If a party wished fuller instructions upon any phase of the evidence than those given, it was his duty to have presented them by prayers for special instructions, and in the absence of such prayers he cannot complain that any of his contentions were not presented to the jury.

8 The Court properly permitted the jury to carry the charge with them on retiring to the jury-room, at the request of one of the jurors.

9. Where the charge of the Court was taken to the jury-room on retire-
ment, but by oversight, the special prayers asked by appellant
and given, were not also handed to the jury, this does not constitute
error, where his counsel were present in the court-room and did not
then, or at any time before verdict, call .the matter to the attention
. of the Court.

ACTION by A. S. Gaither by his next friend against P. O.
Carpenter, heard by *Judge C. M. Cooke* and a jury, at the
May Term, 1906, of the Superior Court of CATAWBA.

The plaintiff had been tried for larceny of a watch, and
acquitted. This is an action against the prosecutor for malic-
ious prosecution. Verdict and judgment for defendant;
appeal by plaintiff.

*Cline & Mebane* and *T. M. Hufham* for the plaintiff.
*W. C. Feimster, Self & Whitener* and *M. H. Yount* for the
defendant.

CLARK, C. J.   To the case on appeal tendered by appel-
lant, the appellee offered exceptions. The Court adopted the
"appellant's case as amended by appellee's exceptions," and
the matter comes up to this Court in that shape, leaving this
Court to incorporate the amendments. This practice cannot
be tolerated. It is "the duty of the appellant to have the case
as thus modified redrafted and submitted to the Judge for
signature. When he does not do this, but merely.sends up
the appellant's case with the appellee's exceptions and Judge's
order, there is strictly no 'case settled,' and the Court in its
discretion (there being no errors upon the face of the record)
may, *ex mero motu,* either affirm the judgment or remand the
case." *Mitchell v. Tedder,* 107 N. C., 358; *Hinton v. Green-
leaf,* 115 N. C., 5; *State v. King,* 119 N. C., 910. When
counsel do not agree upon a case, only the "case settled" by
the˗Judge should come up in the record. No part of the ten-
tative cases of counsel, on either side, should come up, save as

143—16

they appear in the redrafted case signed by the Court. *State v. Dewey,* 139 N. C., 557. The "case on appeal" should contain such incidents of the trial as were duly excepted to. What those incidents were is a matter which, if not agreed upon by counsel, must be "settled" by the trial Judge, and cannot be determined by this Court.

A member of the jury in the criminal trial having testified as to the evidence of the defendant when prosecuting the criminal action, was allowed to state, over the plaintiff's exception, that the jury in that case were "out a considerable time" and at first stood "seven for acquittal and five for conviction." We do not approve of the admission of such evidence. As the jury, on full deliberation, acquitted, this is of more value than its first tentative vote. The evidence was irrelevant and should have been excluded, but we cannot see that its admission was prejudicial or reversible error in this case.

His Honor charged the jury that to constitute malicious prosecution there must be want of probable cause and malice. This was correct. *Kirkham v. Coe,* 46 N. C., 423; *Railroad v. Hardware Co., ante; ibid.,* 138 N. C., 174. Nor could the plaintiff complain of the definition of malice—"a disposition to do the person prosecuted a wrong without legal excuse." In *Railroad v. Hardware Co.,* 138 N. C., 180, it was defined to be a "wrongful act intentionally done without just cause or excuse." Nor could the plaintiff complain that any of its contentions were not presented to the jury. If he wished fuller instructions upon any phase of the evidence it was his duty to have presented them by prayers for special instructions. *Patterson v. Mills,* 121 N. C., 258, and cases there cited.

As the jury were about to retire, one of the jurors asked the Judge to be allowed to carry the charge to the jury-room with them. This the Judge properly did, for though not

GAITHER *v.* CARPENTER.

within the very language of Revisal, 537, it could not be erroneous in view of that statute. Unintentionally, by some oversight, the special prayers asked by the plaintiff, and which had been given, were not also handed to the jury. It does not appear what they were nor that the failure to hand them to the jury worked any prejudice to the plaintiff. They are not set out so that we might see. It is not contended that they contradicted the charge in any way. If they were material, the jury would probably have sent back for them, for they had been read in the hearing of the jury. Besides, the plaintiff's counsel were present in the court-room and did not then or at any time before verdict call the matter to the attention of the Court—who would doubtless gladly have corrected the oversight—nor make any exception. "Exceptions to the evidence and to all matters occurring on the trial, except the charge of the Court, must be noted *at the time.*" Rev., 554 (2). "If not, they are waived." *Taylor v. Plummer,* 105 N. C., 57 (often affirmed), citing *State v. Ballard,* 79 N. C., 627; *Scott v. Green,* 89 N. C., 278; *Alley v. Howell,* 141 N. C., 116.

"It is the policy of the law to encourage citizens of the country in their efforts to bring public offenders to the notice of the Court to the end that they may be regularly put on trial. Hence, one who institutes proceedings for that purpose is in some measure protected, and he does not expose himself to an action merely by acting without probable cause. It must appear also that he acted from malice." *Kirkham v. Coe,* 46 N. C., 429. The jury have found that the defendant acted without malice and, from the evidence doubtless, that he had probable cause also. Actions of this kind are not favored by the law unless oppression and malice is shown.

No Error.

HOKE, J., did not sit on the hearing of this case.