E. H. WALLER ET AL. v. C. A. DUDLEY, JR.

(Filed 18 May, 1927.)

**1. Appeal and Error—Case—Signature of Judge—Judgment Affirmed—Record—Courts—Ex·Mero Motu.**

Where it appears from the record that the judge has not signed what appears to be his settlement of the case, and no agreed case has been included, and where the appellee has not made a motion to affirm the judgment the court, in the absence of error appearing in the record proper, will not be disposed *ex mero motu* to exercise its power to do so.

**2. Appeal and Error—"Case"—Settlement of Case—Duty of Appellant—Redrafting of Case—Signature of Judge.**

It is required of the appellant to redraft the case on appeal when the judge in settling it has modified his case by adopting portions of the exceptions or countercase of the appellee, etc., and have the judge to sign the case so redrafted and incorporate it in the record. C. S., 642, 643, 644.

**3. Same—Remand—Printing.**

This appeal is remanded to the end that the appellant may have the "case" on appeal signed by the trial judge or do so after making such changes therein as will make it conform to the case as tried, the appellant using in this instance the printing in the present record, if so advised, to the extent reasonably available.

APPEAL by defendant from *Devin, J.,* at November Term, 1926, of LENOIR.

Civil action in trespass to recover damages for an alleged wrongful cutting of plaintiff's timber. A question of boundary being involved, the case was referred under the statute. Exceptions were duly filed to the report of the referee and a jury trial demanded.

From an adverse jury verdict and judgment thereon, the defendant gave notice of appeal to the Supreme Court.

*Rouse & Rouse and Sutton & Greene for plaintiffs.*
*Shaw & Jones for defendant.*

STACY, C. J. The record in this case has been brought up in response to a writ of *certiorari,* but it contains no proper statement of case on appeal. The "case," as settled by the trial judge, is not signed by him, and there is no agreed statement of the case. This is a matter of procedure which the appellant should have given proper attention. C. S., 642, 643 and 644; *Ingram v. Power Co.,* 181 N. C., 359. With no errors appearing on the face of the record proper, the judgment might well be affirmed, but, as no motion to this effect has been made by the appellees, the Court, under the circumstances, is not disposed to enter the order *ex mero motu.* The proper motion, in the absence of errors appearing on the face of the record, or properly assigned, is to affirm the judgment. *Mfg. Co. v. Simmons,* 97 N. C., 89. The motion of appellees to dismiss the appeal must be overruled. *Walker v. Scott,* 102 N. C., 487.

Where the appellees file exceptions to the statement of case on appeal as tendered by appellant, and the trial court, as here, adopts appellant's statement of case as amended by "appellees' exceptions with modifications as indicated," it is the duty of the appellant to have the statement of case on appeal, as thus modified, redrafted and submitted to the judge for his signature. *Gaither v. Carpenter,* 143 N. C., 240. "When he fails to do this, but merely sends up his statement of case, together with appellee's exceptions and the order of the judge, there is no 'case settled on appeal,' and the Court (if no errors appear on the face of the record proper) may, on motion of appellee, or *ex mero motu,* either affirm the judgment or remand the case." *Mitchell v. Tedder,* 107 N. C., 358.

The cause will be remanded, to the end that the appellant may have an opportunity to comply with the order of the court by redrafting and reforming the case on appeal and submitting the same to the judge for his signature. *McDaniel v. Scurlock,* 115 N. C., 295; *Hinton v. Greenleaf, ibid.,* 5.

It will not be necessary to have the entire statement of case on appeal reprinted if, upon inspection, the judge is disposed to approve the case as it now appears on the record. In this event, a supplemental order will suffice. *Stevens v. Smathers,* 123 N. C., 497.

Remanded.