G. E. CARTER AND WIFE, EFFIE CARTER, v. J. N. BRYANT.

(Filed 12 November, 1930.)

**Appeal and Error E d—Statement of case on appeal will be taken as filed and served by appellant and will stand if appellee fails to file exceptions.**

It is appellant's duty, not that of the clerk of the trial court, to make out a complete statement of his case on appeal, and the latter is not required to fill in blank spaces left and referred to for copying in exhibits introduced upon the trial, etc., and when the clerk certifies up the case with the blanks left therein and to the correctness of the information contained in the pages afterwards supplied by some one, to which the appellee serves no exceptions or countercase, the record so sent up and the appellant's case becomes the case on appeal, and the judgment of the Superior Court will be confirmed if no error is made to appear either in the record proper or the "case" so certified. C. S., 643.

APPEAL by plaintiffs from *McElroy, J.,* at February Civil Term, 1930, of DAVIDSON.

Civil action (1) for specific performance of written contract to purchase land, lumber plant, etc.; (2) to recover damages for alleged breach of said contract; and (3) to recover value of certain lumber sold and delivered to the defendant. The defendant denied liability and set up counterclaim for alleged breach of contract on the part of the plaintiffs.

From a judgment of nonsuit on the first and second cause of action, and order continuing the third cause and defendant's counterclaim for future determination, the plaintiffs appeal, assigning errors.

*Brittain & Brittain and Phillips & Bower for plaintiffs.*
*Bryan & Campbell and H. R. Kyser for defendant.*

STACY, C. J. From the judgment and order entered at the February Term, 1930, Davidson Superior Court, the plaintiffs gave notice of appeal to the Supreme Court, and were allowed forty-five days to make out and serve statement of case on appeal, with thirty days thereafter given to the defendant to prepare and file exceptions or countercase.

The plaintiffs' statement of case, consisting of 29 typewritten pages, throughout which appear at least 45 notations, "Clerk will here copy deed," or "Clerk will here copy plaintiff's exhibit No. ....," etc., was served on defendant's counsel 2 April, 1930. No deeds or exhibits, which the clerk was directed to copy and insert therein, accompanied this statement. Deeming said statement, as made out and served, insufficient to show error on the part of the trial court, counsel for defendant notified the clerk of the Superior Court of Davidson County, 22 May, 1930, that no exceptions or countercase would be filed, and that the plaintiffs' statement of case on appeal, exactly as made out and served, without alteration, amendment or insertion of deeds and exhibits, would, therefore, become the statement of case on appeal by operation of law. *S. v. Price,* 110 N. C., 599, 15 S. E., 116.

Thereafter, the deeds and exhibits referred to in plaintiffs' statement of case on appeal, as made out and served, were copied by some one and presented to the clerk for incorporation into said statement. The clerk did not insert these deeds and exhibits in the statement of case on appeal, but certifies that the "first 47 sheets contain the case on appeal . . . and the succeeding 73 sheets contain true and correct copies of the exhibits referred to by notations in said case on appeal."

On 14 October, 1930, before the call of the docket from the district to which the case belongs, the defendant lodged a motion to dismiss the appeal for apparent irregularities on the face of the record. This motion was denied. *Waller v. Dudley,* 193 N. C., 749, 138 S. E., 128.

It is provided by C. S., 643, that if appellant's statement of case on appeal is not returned by appellee with objections within the time prescribed, it shall be deemed approved. In the instant case, therefore, the statement made out and served by the plaintiffs became the statement of case on appeal. *Barber v. Justice,* 138 N. C., 20, 50 S. E., 445.

It is no part of the clerk's duty to insert exhibits or fill up blank spaces in such statements. *Sloan v. Assurance Society,* 169 N. C., 257, 85 S. E., 216. The clerk makes up the record proper, but not the case on appeal. C. S., 645. It is the duty of appellant to prepare a concise statement of the case, just as he thinks it should be presented to the Supreme Court, and serve the same on appellee within the time stipulated. C. S., 643. If approved by appellee, the case, as made out and served by appellant, is to be filed with the clerk as a part of the record, and if not returned with objections within the time specified, "it shall be deemed approved." *S. v. Humphrey,* 186 N. C., 533, 120 S. E., 85.

There is, then, a statement of case on appeal. But we agree with the defendant that no error appears on the face of the record proper, or in the case on appeal, which would justify a reversal of the judgment of nonsuit. Hence, it will be affirmed. *Mfg. Co. v. Simmons,* 97 N. C., 89, 1 S. E., 923.

Affirmed.