WESTERN NORTH CAROLINA CONFERENCE and H. V. COX, B. J. EARPE, GEORGE T. GUNTER, CYRUS SHOFFNER and EARL FARRELL, Officers of the Said Conference, G. O. LANFORD, T. J. GREEN, M. A. POLLARD, H. V. COX, CYRUS SHOFFNER, GEORGE T. GUNTER and W. H. FREEMAN, The Executive Committee of the Said Conference, and MR. and MRS. J. Q. PUGH, MRS. H. B. KINNEY, MRS. HELEN K. RICH, FRANK WILSON, MURIEL PUGH COX, FRANCES PUGH SMITH, VIRGINIA PUGH and MRS. RUTH WILSON DAVIS, MR. and MRS. J. W. WILSON, MRS. ODELL WRIGHT, SARAH ELLISON, FANNIE ELLISON, RUTH CHEEK KIVETT, D. G. CRAVEN, BEULAH DAVIS, RALPH WILSON, TIFFANY WILSON, MRS. ETTA HENDRICKS, BESSIE L. STOUT, TABITHE KELLING, LOLA PUGH GADDIS, JOHN PUGH, JR., ANNIE E. CRAVEN, WM. CHEEK, MACIE CHEEK, CARRIE PUGH, JOE PUGH, NORDIE ALLRED HOLDER, G. H. KINNEY, MAXINE CRAVEN LEWIS, on Behalf of Themselves and All Other Members of PLEASANT CROSS CHRISTIAN CHURCH, v. GEORGE M. TALLY, J. H. MALONE, TED TROGDON, A. M. BURNS, ED WRIGHT, MILDRED MALONE and CLARENCE MALONE, and All Such Other Persons Whose Names and Addresses Are Unknown, Who Are Affiliated With and Claim to Be Members of an Organization Known and Designated as THE INDEPENDENT CHRISTIAN CHURCH, a Movement Fostered and Organized Since November 14, 1943, by the Said GEORGE M. TALLY.

(Filed 28 April, 1948.)

1. **Appeal and Error § 10e—**

    Where the trial court adopts appellant's statement of case with modifications, appellant is under duty to have the statement of case as modified redrafted and submitted to the judge for signature, and upon failure to do so there is no "case on appeal."   G. S., 1-282; G. S., 1-283.

1—229

**2. Appeal and Error §§ 10a, 40a—**

Where there is no proper statement of case on appeal the Supreme Court can determine only whether there is error on the face of the record proper.

**3. Charities § 2: Trusts § 11—**

A conveyance of land to trustees for the erection of a church to belong to a denomination, to have and to hold to them and their successors in office forever in trust for the erection of a place of worship for the use of members of the denomination, takes the title in trust for the use of the denomination, G. S., 61-3, and therefore members of the congregation of the church so erected who withdraw affiliation from the denomination, even though they be a majority of the congregation, are not entitled to the control and use of the property as against the denomination, irrespective of whether the particular church is congregational or connectional.

APPEAL by defendants from *Pittman, J.,* at July Term, 1947, of RANDOLPH.

Civil action to recover land as church property allegedly wrongfully withheld by defendants.

Plaintiffs in their complaint and amended complaint allege among other things, in brief, these facts pertinent to this appeal:

(1) The Christian Church is a Protestant denomination organized by the Reverend James O'Kelly and his associates in the early days of the colonization of the United States, and is recognized as such among American churches. It has been active in certain sections of North Carolina. In 1864 Deep River Conference of the Christian Church was organized and since has been and is a religious organization maintained under the principles of the Christian Church and "in accordance with its code of rules and regulations of the government of said church as prescribed by it,"—its name being changed in 1894, by due process, to the Western North Carolina Conference or Western North Carolina Christian Conference. And among other active churches organized and maintained by said church is the Pleasant Cross Christian Church which has been in existence for many years,—even prior to 21 January, 1880;

(2) On 21 January, 1880, Lucinda Trogdon conveyed to W. J. Coward, and four others, naming them, Trustees, a certain lot or parcel of land, the pertinent clauses of the deed being as follows: (1) The premises and granting clause: "For and in consideration of the love we bear for the cause of Christ, and from an earnest desire to promote his heritage on earth we give and grant and presents convey to the said Trustees aforesaid the following lot or parcel of land on which to erect a church building to belong to the Christian Church and to be used for Sabbath School purposes also"; (2) Description of the lot; (3) *Habendum:* "To have and to hold all and singular the above mentioned and described lot or piece of land situated, lying and being as aforesaid

together with all and singular the houses, woods, waters, ways and privileges thereunto belonging or in any wise appertaining unto them W. J. Coward (and four others, naming them), and their successors in office forever in trust that they shall erect and build or cause to be erected and built thereon a house or place of worship for the use of the members of the Christian Church of Deep River Conference, and also use of spring north of said church"; and (4) Warranty: "Unto them the said Trustees and their successors, chosen and appointed as aforesaid." And the church building, known as the Pleasant Cross Christian Church, was erected, and is now located and maintained upon the lot described in said deed; and under and pursuant to Chapter 61 of the General Statutes of North Carolina, the title thereto has been at all times and is now vested in the said Deep River Conference, now Western North Carolina Christian Conference of said Christian Church, for the uses and purposes for which it was conveyed, and is subject to the control of the said Conference by and through its proper officers and representatives.

(3) Plaintiffs, Conference, and present officers and executive committee of the Conference, and others, loyal members of Pleasant Cross Christian Church, are entitled to said property, and to the exclusive use and benefit thereof for church purposes to the exclusion of all such persons as have left the said Pleasant Cross Christian Church and organized or undertaken to organize through defendant George M. Tally and others what they have seen fit to designate as an Independent Christian Church.

(4) Defendants and their associates, who were in sympathy with George M. Tally, in matters of difference between him and the Conference, and George M. Tally undertook to withdraw the membership of said Pleasant Cross Christian Church from said Western North Carolina Conference, and to dismiss from said church all members thereof, including individual plaintiffs, who did not co-operate with him, and have undertaken to organize a new and independent church under the name of Independent Christian Church, promulgating and subscribing to a new creed, exclusively their own, and no part of the Christian Church or its creed or denominational doctrine, and as such have taken possession of the said Pleasant Cross Christian Church, and have forbidden plaintiffs and other duly constituted members of said church to enter for the purposes of public worship, etc.

Thereupon, plaintiffs pray, among other things, that they be adjudged to be the owners in fee and entitled to the possession of said church property, and that defendants be required to surrender possession thereof to plaintiffs, etc.

Defendants, answering, briefly stated, deny in material aspects the allegations of the complaint, particularly the legal effect of said deed

from Lucinda Trogdon, as plaintiffs allege, and assert that the fact that the name "Deep River Conference" is referred to in said deed does not give any title, as a matter of law, to the Deep River Conference, Western North Carolina Conference or any other conference,—that the title is vested in the Trustees of the Pleasant Cross Christian Church, and their successors; and that the Pleasant Cross Christian Church is congregational, and not connectional, and the property is owned by the Trustees, duly elected by the church; that the Conference has no control over it; and that the action taken by defendants and those in agreement with them, was taken as majority members of the church. And defendants further aver "that said church, of its own free will and accord, and which it had a right to do, voted itself out of said Conference"; and "that said church thereupon, using the same members of Pleasant Cross Christian Church, voted to change the name of Pleasant Cross Christian Church, to the name of Independent Christian Church, which it had the right to do under the congregational system, that the membership of the former Pleasant Cross Christian Church remained exactly the same, that it has the same officers and is still a Christian Church and belongs to the Christian denomination, and an overwhelming majority of those who attend said church voted such action after they had withdrawn from said Conference, which they had a right to do under the laws," etc.

Upon the trial in Superior Court, the case was submitted to the jury upon these issues, which the jury answered as shown:

"1. Was pleasant Cross Christian Church a member of the Western North Carolina Christian Conference? Answer: Yes.

"2. Was Pleasant Cross Christian Church a connectional form of church within the Western North Carolina Christian Conference? Answer: Yes.

"3. Was the Pleasant Cross Christian Church a congregational form of church? Answer: No.

"4. If so, did the defendants and those united in interest with them violate the customs, practices, usages, rules or regulations of the Christian denomination? Answer: ...............

"5. Did the defendants and those united in interest with them withdraw their affiliation from the Western North Carolina Christian Conference? Answer: Yes.

"6. If so, are the individual plaintiffs and those united in interest with them the sole and only members of Pleasant Cross Christian Church? Answer: Yes.

"7. If not, are the defendants and those united in interest with them, except George M. Tally, the sole and only members of the Pleasant Cross Christian Church? Answer: No.

"8. Are the individual plaintiffs and those united in interest with them entitled to the use, enjoyment and possession of the real property re-

ferred to in the complaint as the Pleasant Cross Christian Church?
Answer: Yes.

"9. Are the defendants and those united in interest with them, except
George M. Tally, entitled to the use, enjoyment and possession of the real
property referred to in the complaint as the Pleasant Cross Christian
Church? Answer: No."

Thereupon, the court signed judgment in which it is adjudged in perti-
nent part (1) that individual plaintiffs and those united in interest with
them are the sole and only members of Pleasant Cross Christian Church,
and are entitled to the possession, use and enjoyment of the real property
referred to in the complaint as the Pleasant Cross Christian Church; and
(2) that defendants and those united in interest with them (a) imme-
diately surrender to the individual plaintiffs and those united in interest
with them the possession of the said real estate, to the end that same may
be used for church purposes in accordance with the rules, principles,
customs, usages and faith of the Christian denomination as adopted and
approved by the Western North Carolina Christian Conference, and
(b) be now and forever enjoined, from interfering with individual plain-
tiffs and those united in interest with them in the use, control and enjoy-
ment of said real estate, or from preventing individual plaintiffs and
those united in interest with them from using same for public worship
and for church purposes in accordance with the rules, principles, cus-
toms, usages and faith of the Christian denomination as adopted and
approved by the Western North Carolina Christian Conference, and (3)
that the Clerk of Superior Court, in the event defendants and those
united in interest with them, or any other person, fail to surrender pos-
session of the property, as so ordered, issue a writ of assistance, etc.

Defendants appeal therefrom to Supreme Court.

*H. M. Robins, W. D. Barrett, and Long & Long for plaintiffs, ap-
pellees.*

*Walter Siler, John G. Prevette, and H. F. Seawell, Jr., for defendants,
appellants.*

WINBORNE, J.  At the threshold of consideration of this appeal, we
find that the record contains no proper transcript of case on appeal
agreed upon by the parties, or settled by the judge, as required by statutes
relating to appeals.

The record does contain what is called "Statement of Case on Appeal,"
served on counsel for appellee by the Sheriff of Randolph County on
14 November, 1947.  And while the record does not show exceptions
thereto or countercase filed by appellee, it does show an order signed by
the presiding judge, in Chambers, at Rockingham, on 30 January, 1948,

after due notice to the counsel, and in the presence of counsel for plaintiffs and for defendants, "all in pursuance of the provision made by statute," reading as follows:

"The hereto attached statement of case on appeal is ordered and constituted the correct statement of case on appeal upon the addition to said statement of pages 3, 6, 7, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21, with the evidence of Dr. L. E. Smith, on page 28 and the statement of the court on page 30, also pages 32, 33 and that portion of 34 beginning with the cross-examination of Mr. Tally to the end of page 36, also the evidence of Dr. W. T. Scott, being on page 46, to the bottom of page 49, and beginning again following defendants' Exception 27 on page 50 to the bottom of page 51."

But there is nothing in the record to show that the order modifying the statement of case on appeal was carried out, or that the purported transcript of "Statement of Case on Appeal" appearing in the record is the statement of the case referred to in the above order.

In this connection statute G. S., 1-282, formerly C. S., 643, provides that appellant shall cause to be prepared a concise statement of case on appeal and prescribes what it shall embody, and that a copy shall be served on respondent, appellee, within time given by statute or extended by order of court. It further provides that within time given in like manner respondent shall return the copy with his approval or with specific amendments endorsed or attached. And the provisions of G. S., 1-283, formerly C. S., 644, specify that if the case on appeal be returned by the respondent, with objections as prescribed, the appellant shall immediately request the judge to fix a time and place for settling the case before him. If the request be made by appellant, the statute further provides that "the judge shall forthwith notify the attorneys of the parties to appear before him for that purpose at a certain time and place, within the judicial district" (if he is still in the district), and "at the time and place stated, the judge shall settle and sign the case . . ." *Chozen Confections, Inc., v. Johnson,* 220 N. C., 432, 17 S. E. (2d), 505.

Where, as stated in *Waller v. Dudley,* 193 N. C., 749, 138 S. E., 128, the trial court adopts the appellant's statement of case with modifications as indicated in the order in the present case, it is the duty of the appellant to have the statement of case on appeal as thus modified, redrafted and submitted to the judge for his signature. *Gaither v. Carpenter,* 143 N. C., 240, 55 S. E., 625. Moreover, when he fails to do this, there is no "Case on Appeal." *Mitchell v. Tedder,* 107 N. C., 358, 12 S. E., 193; *Waller v. Dudley, supra.*

In the case of *Russos v. Bailey,* 228 N. C., 783, in opinion by *Barnhill, J.,* it is said: "Exceptions which point out alleged errors occurring during the progress of a trial in which oral testimony is offered can be

presented only through a 'case on appeal' or 'case agreed' . . . This is the sole statutory means of vesting this Court with jurisdiction to hear the appeal, G. S., 1-282, 283; *Carter v. Bryant,* 199 N. C., 704, 155 S. E., 602. Unless so presented, they are mere surplusage without force or effect . . . and 'must be treated as a nullity,' " citing authorities. And, continuing in the *Russos case,* it is stated that "When oral evidence is offered, the judge cannot settle the case on appeal by an anticipatory order."

Applying this principle, the assignments of error arising upon the evidence offered at the trial and upon the charge of the court, which is made to appear in the purported transcript, may not be considered by this Court. The only question presented by the appeal is whether there is error on the face of the record proper,—pleadings, verdict and judgment. The judgment appears to follow the verdict of the jury.

Indeed, it may be appropriately stated that extraneous matters and side issues appear in the pleadings. The deed, upon which plaintiffs base their complaint, expressly manifests clear intention that the "church building" to be erected on the lot of land conveyed is "to belong to the Christian Church," and that the Trustees shall hold the lot "forever in trust that they shall erect and build or cause to be erected and built thereon a house or place of worship for the use of the members of the Christian Church of the Deep River Conference." And it is provided by statute, G. S., 61-3, that "All glebes, lands and tenements, heretofore purchased, given, or devised for the support of any particular ministry, or mode of worship, and all churches and other houses built for the purpose of public worship, and all lands and donations of any kind of property or estate that have been or may be given, granted or devised to any church or religious denomination, religious society or congregation within the state for their respective use, shall be and remain forever to the use and occupancy of that church or denomination, society or congregation for which the glebes, lands, tenements, property and estate were so purchased, given, granted, or devised, or for which such churches, chapels, or other houses of public worship were built; and the estate therein shall be deemed and held to be absolutely vested, as between the parties thereto, in the trustees respectively of such churches, denominations, societies and congregations, for their several use, according to the intent expressed in the conveyance, gift, grant or will; and in case there shall be no trustees, then in such churches, denominations, societies and congregations, respectively according to such intent."

Moreover, it not being controverted that the name of Deep River Conference of the Christian Church was changed in 1894 to Western North Carolina Christian Conference,—and the jury having found in answer to the first issue that Pleasant Cross Christian Church was a

member of the Western North Carolina Christian Conference, and, in answer to the fifth issue, that the defendants and those united in interest with them withdrew their affiliation from the Western North Carolina Conference, it is immaterial whether Pleasant Cross Christian Church is congregational or connectional, and decision thereon is unnecessary on this record.

Nevertheless, it may not be amiss to call attention to the principle enunciated and applied by this Court in *Kerr v. Hicks,* 154 N. C., 265, 70 S. E., 468, in opinion by *Clark, C. J.,* that "in church organizations, those who adhere and submit to the regular order of the church, local and general, though a minority, are the true congregation," citing *Roshie's Appeal,* 69 Pa., 462, 8 Am. Rep., 280; *Gable v. Miller* (N. Y. Chancery Court), 10 Paige, 627.

In the judgment, there is
No error.