Civil action to recover land allegedly wrongfully withheld by defendants, and for an accounting for rents, etc. *Page 283 
When the case came on for hearing in the Superior Court, and after the pleadings were read, plaintiffs moved the court "for judgment of ownership and possession of the premises described in the amended complaint, upon the admissions contained in defendants' answer to amended complaint," and tendered an issue of damages as the only issue of fact raised by the pleadings, and to be submitted to the jury. The court, being of opinion that defendants' pleadings constitute an admission: (1) of ownership by the plaintiffs; and (2) that defendants are in possession wrongfully; and that, therefore, plaintiffs are entitled to recover possession; and that the issue of damages is the only issue of fact left in the case to be submitted to the jury, allowed the motion. In this connection the amended complaint alleges: In paragraph One: That plaintiffs, naming them, other than S.E. Sykes, with defendant, Mrs. O. W. Barrett, on 24 May, 1940, were "the officers and trustees of the City Mission of Rocky Mount, North Carolina, which was and is an unincorporated non-denominational religious and social service organization formed for the purpose of promoting fraternal intercourse, religious training and education, Christian unity, and spreading the Gospel, all to the glory of God and for the benefit of mankind for charitable and benevolent purposes including the accumulation of funds for the relief of the sick and needy; to provide for the visitation of the sick and such other worthy purposes and objects as affect the members of the City Mission and the people of the communities in which it has offices; to cultivate social intercourse among its members and other persons, and assist in maintaining a high standard of moral and social conditions in the community; for the purposes above specified, to receive donations and to receive, manage, take and hold real and personal property by gift, grant, devise or bequest; to do any and all things intended and calculated to improve the social, physical, intellectual, spiritual and moral condition and standing of persons living, residing and staying, permanently or temporarily, in the city of Rocky Mount."
Defendants, answering the foregoing allegations of the complaint, admit (1) that the persons named therein were on or about the 24th day of May, 1940, designated by the members of the City Mission of Rocky Mount, which was an unincorporated religious organization, and (2) that the purpose of said organization was and is as substantially set forth in said paragraph.
Plaintiffs further allege in paragraphs 2 and 3:
That on 24 May, 1940, J. M. Gregory and wife, in consideration of $8,000 paid or secured to be paid, conveyed to "the officers and trustees of the City Mission of Rocky Mount, North Carolina, a certain lot of land specifically described and a three-story brick business building in the business district of the city of Rocky Mount; and on same date *Page 284 
plaintiffs, other than S.E. Sykes, together with defendant Mrs. O. W. Barrett, as officers and trustees of the City Mission of Rocky Mount, North Carolina, executed and delivered (a) to J. M. Gregory a note of said City Mission for the sum of $6,000.00, balance due on purchase price of said land and building, and (b) a certain deed of trust to D.C. May, Trustee, conveying said land as security for the payment of said note, which deed of trust was registered as set forth.
Defendants, answering the paragraphs containing these allegations, say that they are not denied.
Plaintiffs further allege in paragraph 4: That on 24 March, 1942, the said plaintiffs, other than S.E. Sykes, with defendant Mrs. O. W. Barrett, in their capacity as officers and trustees of said City Mission, executed and delivered (c) to G. D. Wheeless nine promissory notes, aggregating the sum of $4,900.00 for money borrowed, and (d) a deed of trust to Elizabeth M. Wheeless, Trustee, conveying said land as security for the payment of said notes, — the money being used to pay the balance due on the Gregory note, above described, and to obtain cancellation of said deed of trust to D.C. May, Trustee, on 30 March, 1942; and that there is now a balance of $3,000 principal in addition to interest due on the notes so executed to G. D. Wheeless, secured as aforesaid.
Defendants, in answer to these allegations, admit the execution and delivery of the notes and deed of trust referred to in said paragraph and further allege that a large part of the indebtedness represented by said notes has been paid and there is now approximately $3,000 due on said indebtedness.
Plaintiffs further allege in paragraph 5: That on 25 June, 1945, a certificate of incorporation of the City Mission of Rocky Mount, North Carolina, Inc., was issued by the Secretary of State of North Carolina and recorded in office of Clerk of Superior Court of Edgecombe County; and that the corporation was formed by George D. Wheeless, K. E. Hawkins and Mrs. Katherine Barrett, — she being the same person as the defendant Mrs. O. W. Barrett, in pursuance of the expressed wishes of the members of the City Mission, and for the purposes, ipsissimis verbis, as set out in the first paragraph of the amended complaint, and has no capital stock, — "the general welfare of society and not individual profit being the object for which the corporation is created."
Defendants, answering, say that paragraph 5 does not contain a full, true and correct statement of the facts and that said paragraph is therefore denied. But in this connection the defendant Mrs. O. W. Barrett avers that a certificate of incorporation was issued as alleged in said paragraph and a tentative arrangement was thereby made for the operation of the said City Mission of Rocky Mount as a corporation, but that said charter was not accepted by the membership thereof or approved *Page 285 
by a majority thereof, and that said certificate was not filed in the office of the Clerk of Superior Court of Edgecombe County until sometime during the year 1947, and that these defendants aver on information and belief that it was filed at the instance of the plaintiffs or some of them and "was not done by a majority of the members of the City Mission of Rocky Mount, now known and designated as Central Baptist Church."
Plaintiffs further allege in paragraph 6: That at a meeting of seven members of the City Mission on 7 January, 1946, the defendant Mrs. O. W. Barrett presented the said certificate of incorporation and a resolution directing the officers and trustees of the City Mission of Rocky Mount, an unincorporated association, to execute and deliver to the City Mission of Rocky Mount, N.C. Inc., a good and sufficient deed conveying to it in fee simple the property hereinabove described, subject to the lien of the Wheeless deed of trust hereinabove referred to, which resolution is recorded as having been unanimously adopted.
Defendants, answering, say that paragraph 6 does not contain a full, true and correct statement of the facts, and as alleged is, therefore, denied. And in this connection defendants reiterate the averments that a majority of the members of said City Mission of Rocky Mount did not accept or approve of the incorporation thereof and that the certificate of incorporation was not filed in the office of Clerk of Superior Court of Edgecombe County until during the year 1947, and, that it was filed by the plaintiffs or some of them who were not acting pursuant to the direction of the majority of the congregation or members of said organization.
Plaintiffs further allege in paragraph 7, among other things, that two of the three incorporators of the City Mission of Rocky Mount, N.C. Inc., held a meeting, — the defendant Mrs. O. W. Barrett refusing to attend after notice, — and accepted the charter and elected directors and trustees and officers, naming them; but the trustees of the City Mission of Rocky Mount, an unincorporated association, have never conveyed the land to the corporation, or anyone else, and the title remains as it was conveyed in the officers and trustees of the City Mission, an unincorporated association, to wit, the plaintiffs in this action, who hold the title and are entitled to the possession for the purposes for which the City Mission of Rocky Mount, N.C. was originally organized, etc., and who stand ready to surrender it to any person authorized to demand it; and that in the meantime they are required by statute to hold the same for said religious society and are accountable to the society for the use and management of such property, and bring this action to protect it.
Defendants, answering paragraph 7, say that it does not contain a full, true and correct statement of the facts and is, therefore, denied. *Page 286 
But further answering the defendants "admit that said property has not been conveyed to said alleged corporation."
Plaintiffs further allege in paragraph 8 that on or about 1 May, 1946, defendants wrongfully and unlawfully entered into, and took possession of the real property herein referred to, and wrongfully and unlawfully ousted and deprived plaintiffs of their lawful and legal right of possession, and since said date have remained and are now in the wrongful and unlawful possession of said premises, — wrongfully claiming title under the deed from Gregory to the officers and trustees of the City Mission of Rocky Mount under which plaintiffs claim; and that said defendants are interlopers, and have seized property worth now about $35,000 and call themselves "The Central Baptist Church," a denominational organization unfitted to carry out the non-denominational purposes of the City Mission, for which purposes it was originally conveyed.
Defendants, answering, say that these last allegations are untrue and are, therefore, denied.
Plaintiffs further allege in paragraphs 9, 10 and 11, matters pertaining to the issue of damages, all of which defendants, answering, say are untrue and are denied, except that the Clerk of Superior Court holds certain funds as alleged by plaintiffs.
Defendants, further answering the amended complaint, aver and say substantially, among other things: That on Friday evening, 19 April, 1946, the City Mission of Rocky Mount, North Carolina, "met in conference" and "a session of open discussion followed concerning the advisability of organizing the Mission into a church," and "it was agreed that the following Sunday afternoon would be the best time to complete the proceedings to bring the Mission into a duly organized church"; that on the following Sunday afternoon, 21 April, 1946, the City Mission of Rocky Mount, N.C. "met in conference for the express purpose of completing proceedings to establish itself as a duly organized church, and it was so established and organized as a church with 21 charter members, including George D. Wheeless, and at said organization meeting the name of the City Mission of Rocky Mount, N.C. was unanimously changed to Peoples Church," — a copy of the minutes of the meetings attached show that it was decided that the charter be left open for three weeks; that shortly thereafter nine additional members became charter members, — a copy of the charter being attached as an exhibit; and reads as follows: "We the people of the City Mission of Rocky Mount, N.C. desiring to become and establish ourselves as a duly organized church, with malice toward none and with charity for all, do therefore covenant with one another and agree to support our church both with our prayers and means, to attend its services regularly, as far as possible, to seek the salvation of the Lost and to carry out, in the Spirit of Christ, the rules *Page 287 
and regulations upon which our church shall function"; that the Peoples Church, so organized, continued to function under the name of Peoples Church until 14 July, 1946, when the church extended a unanimous call to the defendant M. L. Hux to serve as its pastor, and he accepted, — the minutes of the meeting, a copy of which is attached as an exhibit, saying that "Mr. Hux has warned the church that if he was called to the pastorate many changes were going to be made," and that "upon accepting the call, he immediately suggested the changing of the name of the church from Peoples Church to Central Baptist Church, which suggestion all received with delight and for which the vote was unanimous"; that "the said church organization now known as Central Baptist Church has been in continuous possession of said property, using it as a church since April 1946"; that "a majority of the individuals, in fact practically all who actually participated in the activities of the City Mission are now members of the present church organization"; and that the plaintiffs, who are now trustees of said church, are the mere holders of the title to said property for the membership of said church, and the membership of said church has the right of possession and use of said property.
Upon the trial in Superior Court, the plaintiff offered evidence pertaining to the issue of damages. The judgment shows that "At the conclusion of the evidence plaintiffs by stipulation of their counsel reduce their claim for damages based on rental value of the unrented portion of the premises, to a period of time beginning July 15, 1946, and running to April 8, 1948, the date of the trial, and to the amount of $240 for rents collected." And the issue of damages was submitted to and answered by the jury. Thereupon, the court signed judgment adjudging that plaintiffs are the owners and are entitled to immediate possession of the premises described in the amended complaint, and that defendants are required to surrender and turn over to plaintiffs the immediate possession thereof, etc., and further that plaintiffs recover of defendants the sum of $3,352.50, together with the costs, etc.
Defendants appeal therefrom to Supreme Court and assign error.
Appellants, in the main, challenge the ruling of the court that defendants' pleadings constitute an admission of ownership in plaintiffs, and of wrongful possession by defendants, of the lands in controversy. A careful consideration of the pleadings, in the light of applicable statutes, G.S., 61-2, and G.S., 61-3, and decisions of this *Page 288 
Court, Kerr v. Hicks, 154 N.C. 265, 70 S.E. 468, and Western NorthCarolina Conference v. Tally, ante, 1, 47 S.E.2d 467, indicates that this ruling of the trial court is correct.
The statute relating to religious societies, G.S., 61-2, provides in pertinent part that "the trustees and their successors have power . . . to purchase, take and hold property, real and personal, in trust for such church or denomination, religious society or congregation . . ." And G.S.,61-3, provides in pertinent part that "all glebes, lands and tenements, heretofore purchased, . . . for the support of any particular ministry, or mode of public worship . . . shall be and remain forever to the use and occupancy of that church or denomination, society or congregation for which the glebes, lands, tenements, property and estate were so purchased . . . and the estate therein shall be deemed and held to be absolutely vested, as between the parties thereto, in the trustees respectively of such churches, denomination, societies and congregations, for their several use, according to the intent expressed in the conveyance, . . ." See Western NorthCarolina Conference v. Tally, supra. And in Kerr v. Hicks, supra, this Court, quoting from Roshi's Appeal, 69 Pa., 462, 8 Am. Rep., 280, applied the principle that "in church organizations, those who adhere and submit to the regular order of the church, local and general, though a minority, are the true congregation." Moreover, in Western North Carolina Conference v.Tally, supra, attention was called to this principle.
In the light of these statutes and principles, when the pleadings are tested, it is seen:
1. That defendants admit that the City Mission of Rocky Mount, North Carolina, is an unincorporated religious organization, and that the purpose of it was and is as substantially set forth in paragraph one of the amended complaint. It is there alleged that "it was and is an unincorporated non-denominational religious and social service organization formed for the purpose of promoting fraternal intercourse, religious training and education, Christian unity, and spreading the Gospel, all to the glory of God and for the benefit of mankind; for charitable and benevolent purposes, etc."
2. That defendants further admit that plaintiffs, other than S.E. Sykes, were on 24 May, 1940, the officers and trustees of the City Mission of Rocky Mount, North Carolina, and they do not deny the allegation of plaintiffs, and expressly aver in their further answer, that on 24 May, 1940, J. M. Gregory and wife conveyed to the officers and trustees of the City Mission of Rocky Mount, North Carolina, the land here involved.
3. Defendants aver in their further answer that on 21 April, 1946, twenty-one members of the City Mission met and organized a church, *Page 289 
under special charter, and changed the name to Peoples Church, and, as so organized, continued to function until 14 July, 1946, when the church called defendant Hux to serve as its pastor, and, then, the name was changed to "Central Baptist Church" which "has been in continuous possession of said property, using it as a church."
4. That "a majority of the individuals, in fact practically all who actually participated in the activities of the City Mission, are now members of the present church organization."
5. That defendants aver that the plaintiffs, who are now trustees of said church, are mere holders of the title to said property for the membership of the church which has the right of possession and use of said property.
And applying the provisions of the statutes, G.S., 61-2, and G.S.,61-3, and the principles of law enunciated in Kerr v. Hicks, supra, and referred to in Western North Carolina Conference v. Tally, supra, as above quoted, to these admissions and averments of defendants, the title to the land in question was taken in the name of the officers and trustees of, and in trust for the City Mission of Rocky Mount, North Carolina, a non-denominational religious organization, and as so taken, shall be and remain forever for the use and occupancy of that organization for which it was so purchased, and the estate therein shall be deemed and held to be absolutely vested, as between the parties thereto, in the trustees of such organization for use according to the intent expressed in the conveyance. And while the deed is not shown in the record on this appeal, it may be assumed that, being made to the officers and trustees of the City Mission of Rocky Mount, North Carolina, it conveyed the land in trust for the purposes for which the organization was formed. Therefore, the attempt to divert the property to use and occupancy by a church under special charter, and later by a denominational church was without authority in law.
All other assignments of error, brought forward by appellants, have been given due consideration, and prejudicial error is not made to appear.
Hence, in the judgment below there is
No error. *Page 290