United Church of God, Inc. v. McLendon

No error.

Judges WEBB and WHICHARD concur.

UNITED CHURCH OF GOD, INCORPORATED, A NORTH CAROLINA CORPORATION AND ARTHUR ROBINSON AND ABRAM CATO, DEACONS AND TRUSTEES OF ST. LUKE UNITED CHURCH OF GOD OF AMERICA v. HORACE McLENDON, MARTIN KENDALL, WALTER WASHINGTON AND PRINCE PURCELL

No. 8520SC1358

(Filed 17 June 1986)

1. Religious Societies § 3.1— church trustee—standing to bring suit for recovery of property

Plaintiff who sued in his capacity as a duly appointed trustee of St. Luke United Church of God of America, a local church of the plaintiff corporation, could properly maintain an action as a trustee for the recovery of property which was originally deeded to that church, and there was no merit to defendants' contention that plaintiff appeared in this action as a trustee for the United Church of God, Inc., was merely an agent for the corporation, and could not maintain an action in his name for the benefit of the principal.

2. Religious Societies § 3.1— ownership of church property—summary judgment improper

In a dispute over the ownership of church property, the trial court erred in granting summary judgment for defendants where genuine issues of material fact existed as to (1) whether a hierarchical relationship existed between the United Church of God, Inc., plaintiff's parent church, and St. Luke United Church of God of America, the church of which defendants were the trustees, (2) whether defendants, alleged trustees, were duly appointed according to the organic forms and rules of St. Luke United Church of God of America, and (3) whether defendants acted within the scope of their authority as recognized by the rules of the church when they renamed the church St. Luke Holiness Church and seized possession of the church property for use as St. Luke Holiness Church.

APPEAL by plaintiff from *Freeman, Judge.* Order entered 19 August 1985 in Superior Court, STANLY County. Heard in the Court of Appeals 7 May 1986.

*Michael W. Taylor for plaintiff appellant.*

*David A. Chambers for defendant appellees.*

COZORT, Judge.

This is a civil action to recover church property allegedly wrongfully withheld by the defendants. In January 1960, the trustees of Mount Zion Baptist Church of Badin, North Carolina, conveyed a tract of land located in North Albemarle Township, Stanly County, North Carolina, at 800 Roosevelt Street to plaintiffs Arthur Robinson and Abram Cato and defendant Horace McLendon in their capacity as deacons and trustees of St. Luke United Church of God. of America. The deed was recorded on 23 December 1960.

In 1982, because of a controversy within the congregation of St. Luke United Church of God of America, the defendants sought to end their affiliation with the United Church of God, Inc. In 1983, the defendants renamed the church "St. Luke Holiness Church" and took possession of the church property in that name. Plaintiffs sued seeking, *inter alia*, possession of the real property of the church in fee simple. The defendants filed a motion for summary judgment arguing that the United Church of God, Inc., was not a corporate entity at the time of the conveyance of the deed and thus had no interest in the property. The trial court granted defendants' motion. The plaintiffs gave notice of appeal. The United Church of God, Inc., has withdrawn its appeal and plaintiff Abram Cato died on 23 September 1985. Plaintiff Arthur Robinson continues to prosecute his appeal.

Two issues are presented by this appeal: (1) whether Arthur Robinson, in his capacity as trustee of St. Luke United Church of God of America, is a real party in interest having standing to prosecute this appeal even though plaintiff United Church of God, Inc., has withdrawn its appeal, and (2) whether the trial court erred by granting summary judgment for the defendants. We hold (1) that Robinson, in his capacity as Trustee of St. Luke United Church of God of America, is a real party in interest having standing to prosecute this appeal, and (2) that the trial court erred by granting summary judgment for the defendants.

[1] Defendants contend that Arthur Robinson appeared in this action as a trustee for United Church of God, Inc., and was merely an agent for the United Church of God, Inc. Defendants argue that an agent cannot maintain an action in his name for the benefit of his principal. *See Howard v. Boyce*, 266 N.C. 572, 146 S.E.

2d 828 (1966). The verified complaint states: "Plaintiffs Arthur Robinson and Abram Cato are duly chosen and ordained deacons and trustees of St. Luke United Church of God of America, a local church of the plaintiff United Church of God, Incorporated . . . and plaintiffs Arthur Robinson and Abram Cato appear in this action in their fiduciary capacity as trustees." Arthur Robinson appears in his capacity as a trustee of St. Luke United Church of God, not as trustee of plaintiff United Church of God, Inc. A duly appointed trustee of a religious society may maintain an action for the removal of faithless or incompetent trustees and compel them to convey the property to the purposes for which it was designed. *Nash v. Sutton*, 109 N.C. 550, 14 S.E. 77 (1891); *Wheeless v. Barrett*, 229 N.C. 282, 49 S.E. 2d 629 (1948). Likewise, an individual member of a religious society has an equitable interest in the property sufficient to enable him to bring an action to protect the common interests of fellow members. *Nash v. Sutton*, 117 N.C. 231, 23 S.E. 178 (1895). Since Robinson sued in his capacity as a duly appointed trustee of St. Luke United Church of God of America, he can maintain this action as a trustee for the recovery of property which was originally deeded to that church. *See Nash v. Sutton, supra* (suit by individual church member over change of church denomination from Baptist to Methodist); *Western North Carolina Conference v. Tally*, 229 N.C. 1, 47 S.E. 2d 467 (1948).

[2]   Next, plaintiff contends that the trial court erred by granting summary judgment for the defendants. We agree. Summary judgment shall be rendered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). By way of verified complaint the plaintiffs alleged that St. Luke United Church of God of America was a member of the United Church of God, Inc., a hierarchical denomination, and that in 1982 defendant "McLendon held an illegal and unconstitutional meeting of some few members of the congregation . . . in which defendants McLendon, Kendall and Washington were purported to be selected as deacons and trustees of said church, but in fact were arbitrarily appointed by defendant McLendon in an illegal manner . . . ." Plaintiffs submitted several affidavits in support of the allegations in the com-

plaint. Defendants opposed the summary judgment by submitting an affidavit signed by five church members generally denying any affiliation with the United Church of God, Inc.

Genuine issues of fact and law remain to be determined in this matter. The affidavits do not indicate that, as a matter of law, a hierarchical relationship does not exist between the United Church of God, Inc. and St. Luke United Church of God of America. As a general rule, "the parent body of a hierarchical church has the right to control the property of local affiliated churches . . . ." *A.M.E. Zion Church v. Union Chapel*, 64 N.C. App. 391, 414, 308 S.E. 2d 73, 86 (1983), *cert. denied*, 310 N.C. 308, 312 S.E. 2d 649 (1984). Defendants argue that because United Church of God, Inc., had its corporate charter revoked in 1960, that United Church of God, Inc., could hold no interest in property. A church is not required to be incorporated to be able to hold property, G.S. 61-2, *et seq.*; therefore, the revocation of United Church of God's corporate charter is irrelevant to determining whether United Church of God, Inc., has the right to control the property of its alleged local affiliate, St. Luke United Church of God of America. Regardless of whether a hierarchical relationship exists, genuine issues of material facts remain to be determined as to whether the defendants, alleged trustees, were duly appointed according to the organic forms and rules of St. Luke United Church of God of America and whether the defendants acted within the scope of their authority as recognized by the rules of the church when they renamed the church St. Luke Holiness Church and seized possession of the church property for use as St. Luke Holiness Church. *See Atkins v. Walker*, 284 N.C. 306, 200 S.E. 2d 641 (1973). Thus, the order of the trial court granting summary judgment for defendants is

Reversed.

Chief Judge HEDRICK and Judge EAGLES concur.